ATLANTIC RICHFIELD COMPANY, Arco Pipe Line Company, BP Alaska Inc., Exxon Corporation, Exxon Pipe Line Company, Sohio Alaska Petroleum Company and Sohio Pipe Line Company, Appellants,

v.

STATE of Alaska, Department of Revenue; Department of Administration; Mary A. Nordale, Commissioner of Revenue; and Eleanor Andrews, Commissioner of Administration, Appellees.

No. S–1064.

Supreme Court of Alaska.

Aug. 15, 1986.

J.W. Bullion and Ralph I. Miller, Thompson & Knight, Dallas, Tex., Robert E. McManus, Atlantic Richfield Co., Dallas, Tex., William B. Rozell and John F. Clough III, Faulkner, Banfield, Doogan & Holmes, Juneau, Alaska, for appellants Atlantic Richfield Co. and Arco Pipe Line Co.

Terrence G. Perris, William H. Lutz and Howard J.C. Nicols, Squire, Sanders & Dempsey, Cleveland, Ohio, Richard H. Hahn, Standard Oil Co., Cleveland, Ohio,

Richard O. Gantz and Carl J.D. Bauman, Hughes, Thorsness, Gantz, Powell & Brundin, Anchorage, Alaska, for appellants Sohio Alaska Petroleum Co., Sohio Pipe Line Co. and BP Alaska Inc.

John F. Daum, Barton H. Thompson, Jr. and Richard B. Goetz, O'Melveny & Myers, Los Angeles, Cal., Barry L. Wertz and Janice L. Robertson, Exxon Company, U.S.A., Houston, Tex., Robert J. Mahoney, Hartig, Rhodes, Norman, Mahoney & Edwards, Anchorage, Alaska, for appellants Exxon Corp. and Exxon Pipe Line Co.

Deborah Vogt, Asst. Atty. Gen., Harold M. Brown, Atty. Gen., Juneau, Alaska, Jonathan K. Tillinghast, Birch, Horton, Bittner, Pestinger & Anderson, Juneau, Alaska, for appellees.

Before RABINOWITZ, C.J., BURKE, MATTHEWS and MOORE, JJ.

## OPINION

MOORE, Justice.

Several corporations, which were forced to pay an Alaskan oil and gas corporate income tax, challenge an award to the state of $4 million in attorney's fees and $534,000 in costs incurred in defending the constitutionality of the state oil and gas corporate income tax. We reverse and remand.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In *Atlantic Richfield Co. v. State*, 705 P.2d 418 (Alaska 1985), we affirmed a summary judgment upholding the constitutionality of the oil and gas corporate income tax under the state and federal constitutions. As the prevailing party, the state moved for an award of attorney's fees and costs.

The state estimated its attorney's fees to be $1.3 million. The assistant attorneys general billed their time at a rate determined by an Alaska Department of Law study, entitled Cost Studies in Billing Rate, to be the state's actual hourly cost. Attorney General Wilson L. Condon's time was

billed at $100 per hour. The Attorney General and each assistant submitted an affidavit stating the number of hours worked on the case.[1] The attorney's fees attributable to the Attorney General and his staff are approximately $600,000.[2] The state also employed outside counsel whose bills amounted to approximately $700,000. The time spent and tasks performed by each outside counsel was documented in varying detail. Based on its total documented fees of $1.3 million and the large amount in controversy, the state requested $4 million in attorney's fees.

The state also submitted a detailed bill of costs exceeding $534,000. The cost bill is supported by a cost summary and a lengthy appendix filling two volumes of the record.

The parties stipulated that there would be no review by the clerk; instead, disputed cost and fee items were presented directly to the superior court. Oral argument took place in January 1984. In May 1985, the court awarded the state the entire amount of fees and costs requested. The corporate taxpayers appeal.

## II. ATTORNEY'S FEES

The corporate taxpayers argue that the $4 million fee award constitutes an abuse of discretion. The state contends that the award is justified because it provides partial compensation for the value of the services rendered. The superior court noted

1. These affidavits were not based on contemporaneous records of billable hours, but were estimates of the hours worked on the case.

2. The state argues that the $600,000 in fees attributable to the Attorney General and his assistants represent partial fees because only 67.7% of scheduled office time is considered "billable hours." We conclude that the total billable hours represent actual attorney's fees.

3. Civil Rule 82(a) provides:
   (1) Unless the court, in its discretion, otherwise directs, the following schedule of attorney's fees will be adhered to in fixing such fees for the party recovering any money judgment therein:

that the state recovered a money judgment of $2.02 billion, the amount of taxes collected under the statute, then awarded $4 million in attorney's fees under Civil Rule 82(a)(2).

When a money judgment is recovered, a trial court may award attorney's fees according to the schedule provided in Civil Rule 82(a)(1), or it may award a fee "commensurate with the amount and value of legal services rendered" under subsection (a)(2). Civil Rule 82(a).[3] Subsection (a)(2) is used only when there is a money judgment and the subsection (a)(1) schedule yields an attorney's fee award which is unfairly large or small. *Id.* When no money judgment is recovered, the prevailing party is entitled to fees "in a reasonable amount" under the final sentence in subsection (a)(1). *Id.*

For example, in *Alaska State Bank v. General Insurance Co.*, 579 P.2d 1362, 1369–70 (Alaska 1978), we stated that when the prevailing party does not receive a money judgment on the main issue, it is only entitled to a "reasonable" attorney's fee under the final sentence in subsection (a)(1). Furthermore, in *Dillingham Commercial Co. v. Spears*, 641 P.2d 1, 9 & n. 16 (Alaska 1982), we ruled that the trial court erred in resorting to the subsection (a)(1) schedule, because the prevailing party did not recover a money judgment. However, we upheld the award of attor-

ATTORNEY'S FEES IN AVERAGE CASES

|  | Contested | Without Trial | Non-Contested |
|---|---|---|---|
| First | $ 2,000 25% | 20% | 15% |
| Next | $ 3,000 20% | 15% | 12.5% |
| Next | $ 5,000 15% | 12.5% | 10% |
| Over | $10,000 10% | 7.5% | 5% |

   Should no recovery be had, attorney's fees for the prevailing party may be fixed by the court in its discretion in a reasonable amount.
   (2) In actions where the money judgment is not an accurate criteria for determining the fee to be allowed to the prevailing side, the court shall award a fee commensurate with the amount and value of legal services rendered.

ney's fees, concluding that the amount was reasonable.[4]

Although the state argues otherwise, it did not receive a money judgment in this case. The final judgment on the merits upheld the constitutionality of the oil tax; no money changed hands.[5] The superior court therefore erred by awarding attorney's fees under subsection (a)(2). Under the decisions in *Alaska State Bank* and *Spears*, the award should have been entered pursuant to the last sentence in subsection (a)(1), "in a reasonable amount." However, even though the superior court erred in relying on subsection (a)(2), we will uphold the award if it is reasonable. *Spears*, 641 P.2d at 9 & n. 16.

The purpose of an award of attorney's fees is to provide partial compensation to a prevailing party. *Davis v. Hallett*, 587 P.2d 1170, 1171–72 (Alaska 1978); *Malvo v. J.C. Penney Co.*, 512 P.2d 575, 586–88 (Alaska 1973). Absent bad faith or vexatious conduct by the losing party, an award of full attorney's fees is manifestly unreasonable, and it constitutes an abuse of discretion. *Davis*, 587 P.2d at 1171–72; *Malvo*, 512 P.2d at 586–88. Complexity alone does not justify an award of full fees. *State v. University of Alaska*, 624 P.2d 807, 816–18 (Alaska 1981). An attorney's fee award should not be used to penalize a party. *Malvo*, 512 P.2d at 586–88. *See also Greater Anchorage Area Borough v. Real Property Taxpayer's Association*, 513 P.2d 1103, 1104 (Alaska 1973).

When the state is represented by both private counsel and the attorney general's office, it may recover partial attorney's fees for both. *B–E–C–K Constructors v. State (Highways)*, 604 P.2d 578, 585

(Alaska 1979). One permissible way to calculate fees for assistant attorneys general is to use an average hourly billing rate for private attorneys. *AMFAC Hotels*, 659 P.2d at 1194.[6] We also have ruled that an award of reasonable attorney's fees to the state under Civil Rule 82(a)(1) is not limited to the hourly salary of the highest paid assistant attorney general times the number of hours worked. *Morrison-Knudsen Co. v. State*, 519 P.2d 834, 844 (Alaska 1974).

We find no error in the state's use of the Department of Law study to fix the hourly rate for assistant attorneys general. However, we conclude that the $4 million award is manifestly unreasonable because it grossly exceeds the state's actual attorney's fees. On remand, the superior court shall award the state *partial* attorney's fees in a reasonable amount under Civil Rule 82(a)(1). In determining a reasonable amount, the court shall consider all relevant factors, including the nature and value of the services rendered, the duration and complexity of the litigation, the novelty of the issues presented, the amount in controversy, and the state's time-keeping procedures. Furthermore, the trial court shall consider the corporate taxpayers' specific objections to particular fee items and excise time, if any, which the state's attorneys spent on other cases and unrelated matters such as legislative amendments to the oil and gas corporate income tax.

## III. COSTS

The corporate taxpayers argue that the superior court abused its discretion by awarding costs not recoverable under the Alaska rules.

---

**4.** We disapprove our decisions in *AMFAC Hotels and Resorts v. State* (Transportation and Public Facilities), 659 P.2d 1189 (Alaska 1983), and *Davis v. Hallett*, 587 P.2d 1170 (Alaska 1978), to the extent that they indicate that a court may award attorney's fees under Civil Rule 82(a)(2) when no money judgment is recovered.

**5.** The taxpayers paid the challenged tax under protest, then sued for a refund, 705 P.2d at 420; hence, the state's victory resulted in no money judgment.

**6.** In *AMFAC Hotels*, the state's attorney spent 611 hours to defend a contract reformation claim. The trial court determined that only 250 hours were reasonably necessary. It also found that $75 per hour was the average private billing rate. The court then awarded 20% of the state's reasonable attorney's fees (20% x 250 hours x $75/hour). We affirmed. 659 P.2d at 1194.

The state's cost bill included compensation for experts exceeding $337,000. Administrative Rule 7(c) permits recovery of $25 per hour expert witness fees for time spent testifying.[7] A party may not recover costs for experts' preparation time nor any costs associated with the experts if they do not testify. *Fairbanks North Star Borough v. Tundra Tours*, 719 P.2d 1020 (Alaska 1986); *Eagle Air v. Corroon and Black/Dawson and Co.*, 648 P.2d 1000, 1006–07 (Alaska 1982); *Miller v. Sears*, 636 P.2d 1183, 1195 (Alaska 1981). In this case, no expert testified because no trial was held. Therefore, we hold that these expert consultants' fees are not recoverable.

The state's cost bill includes more than $100,000 in travel expenses. An attorney's actual travel expenses may be recovered under Civil Rule 79(b) if they are necessarily incurred.[8] *Eagle Air*, 648 P.2d at 1006–07; *Davis v. Hallett*, 587 P.2d at 1171. The corporate taxpayers argue that it is impossible to determine from the record whether these expenses were "necessarily incurred."

The corporate taxpayers also objected to the inclusion of $4,000 in computer research expenses and $22,000 for paralegals, arguing that these expenses are attorney fees and only subject to partial compensation. We conclude that the computer research and paralegal expenses are correctly characterized as costs and, if recoverable, should be requested under Civil Rule 79(b).

We conclude that the cost award must be vacated and remanded. Because the superior court acquiesced in the parties' stipulation that costs should be presented directly to the court, it should have entered findings and conclusions to justify its cost award. On remand, the court may not award expert witness fees under Administrative Rule 7(c). Before the court may award expenses for the state's travel, paralegal assistance, and computer research time, it must first determine what portion of these expenses were necessarily incurred and therefore allowable under Civil Rule 79(b).

REVERSED and REMANDED.

COMPTON, J., not participating.

---

7. Alaska R.Admin.P. 7(c) provides in part:
    A witness called to testify as an expert shall receive additional compensation to be fixed by the judge with reference to the value of the time employed and the degree of learning or skill required; but such additional compensation shall not exceed $25.00 per hour while so employed and testifying, except as otherwise provided in these rules.

8. Civil Rule 79(b) provides in part:
    A party entitled to costs may be allowed ... the necessary expense of taking depositions for use at trial and producing exhibits; and the expense of service and publication of summons or notices, and postage when the same are served by mail; filing fees and other charges made by the clerk of the court and fees for transcripts required in the trial of a case in the superior court. In addition to the items allowed as costs by law and in these rules, a party shall be allowed any other expenses necessarily incurred in order to enable a party to secure some right accorded him in the action or proceeding.