**CTA ARCHITECTS OF ALASKA, INC.,** an Alaska Corporation; **CTA Architects Engineers, Inc.,** a Montana Corporation; and **Hoffman Construction Company of Oregon,** Appellants,

v.

**ACTIVE ERECTORS & INSTALLERS, INC.,** Kenai Peninsula Borough; **Industrial Indemnity Company of the Northwest; Foss Alaska Lines; and Seaboard Surety,** Appellees.

Nos. S–2823, S–2824.

Supreme Court of Alaska.

Nov. 9, 1989.

John R. Neeleman, Lane, Powell & Barker, Anchorage, for appellants CTA Architects of Alaska, Inc. and CTA Architects Engineers, Inc.

David Pease, Biss and Holmes, Anchorage, for appellees Active Erectors & Installers, Inc. and Indus. Indem. of the Northwest.

Before MATTHEWS, C.J., and RABINOWITZ, BURKE, COMPTON and MOORE, JJ.

## OPINION

COMPTON, Justice.

After trial, Active Erectors and Installers, Inc. (Active) was awarded costs under Alaska Civil Rule 79 for paralegal services and computer research, and for expert fees incurred in exhibit preparation. CTA Architects of Alaska, CTA Architects Engineers, Inc. and Hoffman Construction Company of Oregon (collectively CTA) challenged the trial court's award.

## I. STATEMENT OF FACTS

This case arises from the construction of the Homer High School in Homer, Alaska (project). The Kenai Peninsula Borough (Borough) is the owner of the project. CTA designed the project. Hoffman was the general contractor. Active was a subcontractor.

After a bench trial, the court found CTA liable to Active for damages resulting from professional negligence. The court found Hoffman liable to Active for damages resulting from breach of implied warranty, breach of contract and negligent misrepresentation. The court awarded Active damages of $426,343 against CTA and Hoffman. The court also awarded Active attorney fees in the amount of $59,546.[1] In refusing to depart from the fee schedule set out in Alaska Civil Rule 82(a)(1), the court remarked that Active's request for damages had been severely inflated and that many of Active's claims were without merit.[2] The court also remarked that Active, like other parties to the litigation, had adopted unreasonable litigation and settlement positions.[3]

Active requested $247,709.77 in costs. The clerk taxed $49,464.64 in favor of Active, denying, among others, its claims for the costs of exhibit preparation, paralegal services, and computer research.

Active moved the court to review the clerk's taxation of costs. It requested $65,826.25 in expert fees incurred in preparation of exhibits, $8,994 in computer research costs and $24,211.45 in paralegal costs. In addition to the costs taxed by the clerk, the court awarded Active the full amount of Active's paralegal and computer research costs, and $20,000 in exhibit preparation costs.

CTA appeals the trial court's award of costs.

## II. DISCUSSION

### A. STANDARD OF REVIEW.

■ This appeal raises questions of law and policy. This court is not bound by a trial court's resolution of questions of law, but instead is required to adopt the rule of law which is most persuasive in light of precedent, reason and policy. *Guin v. Ha*, 591 P.2d 1281, 1284 n. 6 (Alaska 1979). To the extent that an award of costs is consistent with the legal principles adopted by this court, the award is committed to the broad discretion of the trial court and will not be disturbed on appeal, absent a clear showing that the trial court's determination was arbitrary, capricious or manifestly unreasonable, or that it stemmed from an improper motive. *Alyeska Pipeline Service Co., Inc. v. Beadles*, 731 P.2d 572, 575 (Alaska 1987).

### B. THE TRIAL COURT ABUSED ITS DISCRETION IN AWARDING ACTIVE COSTS FOR EXPERT PREPARATION OF EXHIBITS.

■ Active requested, as costs incurred in preparing exhibits, expert fees in the amount of $65,826.25. The clerk denied Active's request. Active moved the trial court for review of the clerk's denial. The trial court, acting pursuant to Alaska Civil Rule 79, awarded Active $20,000 of the requested fees.

The fees requested by Active reflect the work performed by three experts in preparing exhibits for trial:

Bruce Campbell
546.75 hours @ $75 per hour = $41,006.25

Scott MacKay
34 days @ $275 per day = $9,350.00

Donald Casad
182 hours @ $85 per hour = $15,470.00

Exhibits prepared by Bruce Campbell include a 69–page written report and several volumes of compiled documents. Exhibits prepared by Donald Casad and Scott MacKay include various drawings, tabulations and handwritten notes. Each of the three experts testified at trial, and each excluded from his billed exhibit preparation time "incurred by me for general preparation of my ... deposition[ ] and trial testimony."

---

1. Active requested actual attorney fees in the amount of $624,391.79.

2. In its proposed findings of fact, Active sought $961,492 in direct damages and $1,035,000 in consequential damages.

3. Counsel appearing for Active on appeal did not represent Active at trial.

CTA argues that the trial court abused its discretion in awarding expert fees for exhibit preparation.

Active's sole contention is that expert fees incurred in preparing exhibits may be recovered as costs under Civil Rule 79. Civil Rule 79(b) provides in part that a party entitled to costs may be allowed "the necessary expense of ... producing exhibits." Active asserts that the trial court did not err in concluding that the expert fees could be recovered as part of the expense of producing exhibits.

Active misconstrues the term "producing." Active's argument assumes that to "produce" is "to compose, create, or bring out by intellectual or physical effort." *Webster's Third New International Dictionary* 1810 (1969). The term finds a different use in Alaska Civil Rule 34, which provides in part:

Any party may serve on any other party a request (1) to *produce* and permit the party making the request, or someone acting on his behalf, to inspect and copy, any designated documents (including writings, drawings, graphs, charts, photographs, phono-records, and other data compilations from which information can be obtained, translated, if necessary, by the respondent through detection devices into reasonably usable form), or to inspect and copy, test, or sample any tangible things which constitute or contain matters within the scope of Rule 26(b) and which are in the possession, custody or control of the party upon whom the request is served....

(Emphasis added). This use of the term "produce" comports with its common legal definition: "To bring forward; to show or exhibit...." *Black's Law Dictionary* 1088 (5th ed. 1979).

4. Our interpretation of the word "producing" as used in Civil Rule 79 is consistent with the legislative history of the rule. The provision allowing for the recovery of "the necessary expense of ... producing exhibits" was added to Civil Rule 79 by amendment in 1963. During the consideration of the amendment, Justice Dimond requested "an example of costs involved in 'producing exhibits.'" The amendment's drafter, R. Everett Harris, responded as follows:

The context in which the term "producing" appears in Civil Rule 79(b) indicates that the term was intended to be read in accord with this latter definition. The rule provides in part:

A party entitled to costs may be allowed premiums paid on the expenses of posting, undertakings, bonds or security stipulations, where the same have been furnished by reason of express requirement of law or on order of the court; *the necessary expense of taking depositions for use at trial and producing exhibits;* and the expense of service and publication of summons or notices, and postage when the same are served by mail; filing fees and other charges made by the clerk of the court and fees for transcripts required in the trial of a case in the superior court.

(Emphasis added). The clause in which the term "producing" appears is addressed to costs incurred during *discovery*. Thus, the term "producing" is used in its common legal sense; it is intended to capture costs incurred in bringing forward documents or objects in response to a request by an opposing party. When such documents or objects are offered as exhibits at trial, the cost of "producing" them may be recovered under Civil Rule 79.[4]

The basis upon which Active seeks to justify the trial court's award on expert fees fails. Because Active offers no other basis for upholding the award, the award must be set aside as an abuse of discretion.

## C. THE TRIAL COURT DID NOT ABUSE ITS DISCRETION IN AWARDING ACTIVE 100% OF ITS PARALEGAL AND COMPUTER RESEARCH COSTS.

■ Active also requested as costs $10,-070.00 for computer research and $24,-

With regard to the language 'necessary expenses of ... producing exhibits' it was my intention that this would cover situations where a party preserved and protected exhibits or transported them to the court, and would be allowed such expenses in the same manner as witnesses may be allowed fees for transportation and such fees allowed as costs.

211.45 for paralegal services. The clerk denied Active's request. Active moved the trial court to review the clerk's denial and modified its request to include only $8,994.00 in computer research costs. The trial court, acting pursuant to Alaska Civil Rule 79, awarded Active 100% of its paralegal and computer research costs.

CTA contends that paralegal and computer research costs are analogous to attorney fees and should accordingly be considered under Civil Rule 82 rather than Civil Rule 79. Alternatively, CTA contends that even if requests for paralegal and computer research costs are appropriately considered under Rule 79, trial courts should not be permitted to award the full amount of such costs.

CTA's arguments are without merit. This court has held that "computer research and paralegal expenses are correctly characterized as costs and, if recoverable, should be requested under Civil Rule 79(b)." *Atlantic Richfield Co. v. State,* 723 P.2d 1249, 1253 (Alaska 1986); *see also Smith v. Shortall,* 732 P.2d 548, 550 n. 1 (Alaska 1987). Unlike attorney fees, costs appropriately considered under Civil Rule 79 may be awarded in full. The trial court did not abuse its discretion in awarding Active the full amount of its paralegal and computer research costs.

## III. CONCLUSION

The decision of the superior court is AFFIRMED in part, REVERSED in part, and REMANDED for proceedings consistent with this opinion.

RABINOWITZ, Justice, with whom BURKE, Justice, joins concurring.

Active contends that its exhibit preparation costs are recoverable under Civil Rule 79(b)'s "producing exhibits" provision. I agree with the majority's conclusion that the expert preparation costs awarded below are not recoverable under this provision. I concur, however, in order to state my view that exhibit preparation costs may be recoverable in certain cases under other language of Civil Rule 79(b).

Civil Rule 79(b) identifies certain categories of costs which are recoverable, including costs associated with "producing exhibits." However, this enumeration of recoverable costs is not exclusive. Rule 79(b), after listing examples of recoverable costs provides:

> *In addition* to the items allowed as costs by law and in these rules, a party shall be allowed *any other expenses* necessarily incurred in order to enable a party to secure some right accorded him in the action or proceeding.

(Emphasis added.) Active refers to this provision as the "catch-all" language of Civil Rule 79(b). Active argued that it was not relying on this "catch-all" provision, "but [was] instead relying upon the specific language of the rule dealing with the costs of 'producing exhibits.'"

It should be noted that in certain cases it will be within the trial court's discretion to allow full exhibit preparation costs under Civil Rule 79(b). These costs will be justified to the extent that the court determines that they were "necessar[y] ... to enable a party to secure some right." Alaska R.Civ.P. 79(b). For instance, costs incurred in connection with the construction of charts and models might thus be recoverable in a particular case, though such costs would not be compensable under the "producing exhibits" language of Civil Rule 79(b).

The recovery of costs under this proviso of the rule is limited, however, by Civil Rule 83 and Administrative Rule 7. Civil Rule 83 states, "The payment of fees ... for witnesses ... shall be governed by the rules for the administration of the courts." Administrative Rule 7(c) provides generally that expert witness fees may be *recovered* at a rate of up to $50.00 per hour.[1] We

---

1. Administrative Rule 7(c) reads in full:
   (c) *Expert Witnesses.* Recovery of costs for a witness called to testify as an expert is limited to the time when the expert is employed and testifying and shall not exceed $50.00 per hour, except as otherwise provided in these rules. A party may not recover costs for more than three expert witnesses as to the same issue in any given case, unless the judge

have in the past interpreted these rules as precluding parties from recovering expert preparation costs in most cases.[2] *Atlantic Richfield Co. v. State,* 723 P.2d 1249, 1253 (Alaska 1986); *Miller v. Sears,* 636 P.2d 1183, 1195 (Alaska 1981). Rather, a prevailing party may recover only for the time spent by an expert witness testifying. *Atlantic Richfield,* 723 P.2d at 1253.

Furthermore, expert preparation costs not recoverable under Administrative Rule 7(c) may not be recovered under the Civil Rule 79(b) catch-all provision. *Miller,* 636 P.2d at 1195. It is for this reason that Active expressly denied reliance on this provision before the superior court.

Marcia E. Holland, Asst. Public Defender, Fairbanks, and John B. Salemi, Public Defender, Anchorage, for appellant.

Robert D. Bacon, Asst. Atty. Gen., Office of Sp. Prosecutions and Appeals, Anchorage, and Douglas B. Baily, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

---

permits recovery for an additional number of expert witnesses.

**2.** In *Miller v. Sears* we noted that an award of additional costs might be justified in cases involving bad faith or reprehensible conduct. 636 P.2d 1183, 1195 (Alaska 1981).