In re SOLDOTNA AIR CRASH
LITIGATION.

SOUTHCENTRAL AIR, INC.,
Cross–Appellant,

v.

ESTATE OF Duane R. BREITENFELD,
By and Through his Personal Repre-
sentative, Sharon Kay BREITENFELD
and Sharon Kay Breitenfeld; Estate of
Frank G. Lazar, By and Through the
Personal Representative, Patricia Ann
Lazar, Patricia Ann Lazar, individual-
ly, and Patricia Ann Lazar, on Behalf
of Bryan Michael Lazar and Christine
Marie Lazar; Martha Rider, Personal
Representative of the Estate of James
R. Rider, deceased; Debbie Stroud, Per-
sonal Representative of the Estate of
Rick Stroud, deceased; Joy Hodgin,
Personal Representative of the Estate
of Michael James Hodgin, deceased;
Gail Ault, as Personal Representative
of the Estate of Frank Ault, deceased;
Lorna Hodgin, individually, and as Per-

sonal Representative of the Estate of
James Robert Hodgin, Cross–Appellees.

No. S–2920.

Supreme Court of Alaska.

June 30, 1992.

Howard J. Meyer, Jr., Marc G. Wilhelm, Richmond & Quinn, Anchorage, for cross-appellant.

Laurel J. Peterson, Anchorage, for cross-appellees.

Before RABINOWITZ, C.J., and BURKE, MATTHEWS, COMPTON and MOORE, JJ.

## OPINION

BURKE, Justice.

This cross-appeal requires us to clarify the proper method for assessing costs and attorney's fees in a wrongful death action. The trial court essentially imposed liability for costs and fees only against the various decedents' estates in this consolidated case, despite the fact that the decedents' personal representatives brought their wrongful death actions not on behalf of the estates, but on behalf of statutory beneficiaries. We conclude that the trial court erred. We thus vacate the trial court's judgment and remand the case for redetermination of costs and attorney's fees liability.

### I

Seven widows, as the personal representatives of their deceased husbands, brought wrongful death actions against multiple defendants in this aircrash litigation.[1] All of the wrongful death actions were for the benefit of the decedents' surviving spouses or children. Three of the widows also asserted individual claims in their complaints.

Defendant City of Soldotna (operator of the airport where the aircrash occurred) and North Pacific Airlines (NPA) (operator of the aircraft) moved for consolidation of the cases; defendant SouthCentral Airlines opposed consolidation. Likewise, some of the plaintiffs supported and some opposed consolidation. The presiding judge for the third judicial district, Judge Douglas Serdahely, ordered consolidation of the cases in December 1985, under the new title *In re Soldotna Air Crash Litigation.*

The plaintiffs ultimately settled with defendants NPA and City of Soldotna for some 6.15 million dollars. Defendant SouthCentral did not settle. The case went to trial in Kenai on October 26, 1987. The

---

1. AS 09.55.580(a) provides in part:
   When the death of a person is caused by the wrongful act or omission of another, the personal representatives of the former may maintain an action therefor against the latter, if the former might have maintained an action, had the person lived, against the latter for an injury done by the same act or omission.... The amount recovered, if any, shall be exclu-

   sively for the benefit of the decedent's spouse and children when the decedent is survived by a spouse or children, or other dependents. When the decedent is survived by no spouse or children or other dependents, the amount recovered shall be administered as other personal property of the decedent but shall be limited to pecuniary loss....

trial lasted five weeks, ending with a jury verdict in favor of SouthCentral. Pursuant to Civil Rules 79 and 82, SouthCentral moved the trial court for awards of costs and attorney's fees.[2] On December 31, 1987, the superior court issued the Clerk's Taxation of Costs, which assessed South-Central's costs at $38,312.62.[3] The trial court, however, delayed entry of final judgment on the question of costs and fees, and SouthCentral's motion for attorney's fees remained pending.

During this period, SouthCentral made efforts to assure that the monies plaintiffs had received by settling with the other defendants would be available to satisfy the final judgment for costs and attorney's fees that SouthCentral, as a prevailing party, expected to receive. For example, in February 1988, SouthCentral filed a claim in a proceeding, in Anchorage, in which the superior court was considering distribution of settlement proceeds to one decedent's minor beneficiary. *See In re Derek Rider*, No. 3AN-87-1179 (Mar. 16, 1988).[4] South-Central claimed an entitlement to the funds before the Anchorage court. The Anchorage court held that SouthCentral could not interject "a creditor's claim against the wrongful death settlement proceeds." *Id.* at 2.

SouthCentral eventually returned to the original trial court, though not on its own initiative, when the personal representative of James Rider moved for a declaration as to who would be liable for any judgment of costs or fees in the case. Judge Charles J. Cranston heard oral argument on the issue and then opined, on the record, that he had

discretion to determine the amount of an attorney's fee award, but that he did not have discretion to determine "among whom in these joint actions ... these [costs and fees] judgments are going to run." Consequently, Judge Cranston also refused to determine whether liability for costs and fees was joint and several or pro rata among the various plaintiffs. Finally, on May 19, 1988, the trial court entered an Order Granting Attorney's Fees in the amount of $247,650. The order was silent as to who specifically would be liable to pay the fee award; the order also was silent as to whether liability was joint and several or apportioned among the parties.[5]

SouthCentral immediately made efforts to protect the enforceability of its costs and fees award (which now amounted to a combined total of $285,962.62). On May 25, 1988, SouthCentral obtained from the trial court a temporary restraining order blocking the disbursement, transfer, or secretion of all funds or proceeds of funds received by plaintiffs in their settlement. On June 1, 1988, however, the court vacated its TRO and denied SouthCentral's motion for preliminary injunction, finding that SouthCentral had an adequate remedy at law in a writ of execution. SouthCentral quickly attempted to have the clerk of the court issue appropriate writs. On June 10, 1988, SouthCentral obtained an order from the trial court that directed the clerk to issue the writs. Significantly enough, in this order the court for the first time specified that "[t]he judgment in favor of defendant SouthCentral against plaintiffs for costs and attorneys fees is against each plaintiff

2. Civil Rule 79 allows the award of litigation costs and Civil Rule 82 allows the award of partial attorney's fees to the prevailing party in a civil action.

3. Civil Rule 79 requires a party entitled to costs to serve its costs bill within 10 days of judgment in an action. Within one week of receiving the costs bill, the clerk of the court also must provide for hearing on the question of costs and then "proceed to tax the costs" within two days of any hearing. Alaska R.Civ.P. 79.

4. Apparently, by this time all but one of the personal representatives in the case had concluded actions to obtain distribution of the set-

tlement monies to their beneficiaries. Only Martha Rider, the personal representative for the statutory beneficiaries of decedent James Rider, had not obtained disbursement of the Rider share of the settlement by early 1988. Presumably the delay was due to the unique complexity of determining who among the numerous Rider survivors were properly classified as statutory beneficiaries under the wrongful death statute.

5. The relevant part of the court's order simply stated that SouthCentral "shall receive the sum of $247,650.00 representative of attorney's fees and paralegal fees incurred during the pretrial and trial of this matter."

pro rata (¹/₇ × $285,962.62)." Also in June 1988, as a result of SouthCentral's efforts, the clerk of the court ordered all named plaintiffs and statutory beneficiaries to appear for a judgment debtor exam, while the trial court issued TROs forbidding sale or transfer of property subject to execution of the writs. Then, on August 22, 1988, Judge Cranston issued a Clarification Order in the case. The order states:

> This Court has previously entered an award of costs and attorneys' fees pursuant to the appropriate civil rule to the prevailing party, defendant in this case. Further, this Court has issued an Order prorating said judgement amongst the seven complaining plaintiffs, with each plaintiff being obligated to pay one-seventh (¹/₇) of defendant's award of costs and attorneys' fees.

> IT IS HEREBY ORDERED from this Court that the *judgments against ... the plaintiffs shall run and be deemed to have been entered against the plaintiffs solely as personal representatives of their respective estates, unless in their respective complaints the personal representative has also asserted an individual claim. If an individual claim has been asserted by the personal representative in their individual capacity, then the judgment will also be against that person individually. Further, the beneficiaries of the individual estates are not personally liable on the judgment unless that beneficiary is also a named party or has asserted a personal claim....*

> IT IS FURTHER ORDERED that unless and until shown otherwise, all judgment debtor examinations or inquiries shall be restricted to the personal representatives['] actions regarding the various estates and each estate's individual assets unless the personal representative[s have] also asserted [claims] in their individual capacit[ies], in which case th[ose] personal representatives may also be examined by the defendant as to their personal assets and financial transactions. In the event that a beneficiary has been named individually or a[n] individual claim has been made in [his or her] behalf by [his or her] representative, then [the beneficiary or the] representative may be examined as to that beneficiar[y's] personal assets and financial transactions. (Emphasis added.)

On October 4, 1988, the trial court entered its Amended Final Judgment, in which it reaffirmed the costs award of $38,312.62 and the attorney's fees award of $247,650:

> for a total judgment of $285,962.62, which shall accrue interest at the rate of 10.5% per annum until paid in full. Each estate is liable on a pro rata basis for its share of the costs and attorneys fees and is therefore responsible for one-seventh of this total judgment.

The clarification order and the amended final judgment, taken together, make clear that the costs and fees awards were to be chargeable against the estates (*i.e.,* chargeable *through* the personal representatives, in their official capacities, against the estates), or against any other individually named plaintiffs in the action. Confusingly enough, however, the court's clarification order and amended final judgment did not constitute the court's final word in the case. On October 21, 1988, Judge Cranston issued a further order setting the scope of the judgment debtor examinations, which failed to repeat the clarification order ruling that individual plaintiffs, in addition to the estates, might also be liable for some part of costs and fees. As a result, after all of the trial court's orders issued, the estates were liable for one-seventh pro rata shares of costs and fees, and the judgment debtor exam was limited in scope "to assets of the estates available to satisfy the judgment."

Originally, the personal representatives appealed the jury verdict adverse to them. No issues from that appeal remain in this case. SouthCentral cross-appealed, and it is that cross-appeal that concerns us here.[6]

---

**6.** SouthCentral has not appealed the trial court's determination of the amount of its costs and fees judgments. However, the parties dispute the extent to which SouthCentral, as a creditor, has been able to satisfy the judgments against the various decedents' estates. SouthCentral

SouthCentral challenges three aspects of the trial court's decision on the parties liable for the judgment of costs and fees. First, SouthCentral asserts that the trial court erred in its final order by imposing primary liability for costs and fees only against the decedents' estates. According to SouthCentral, the court should have held the personal representatives and the statutory beneficiaries personally liable for the costs and fees awards. Second, SouthCentral asserts that the trial court erred by imposing pro rata liability in the amount of one-seventh of the total liability against each of the seven estates. SouthCentral argues that the court instead should have entered joint and several liability for costs and fees against each individual plaintiff, each estate, and each personal representative. And third, SouthCentral argues that the superior court's first clarification order was right when it held named parties as well as the estates individually liable for costs and fees. We consider each aspect of SouthCentral's appeal in turn.[7] In the process, we also take the opportunity to clarify the law governing costs and attorney's fees awards in wrongful death actions.

## II

### A

■ Alaska Statute 09.55.580 permits the personal representatives of a decedent to bring a wrongful death action on behalf the decedent's spouse, children, or dependents. When the personal representative brings a wrongful death action on behalf such surviving statutory beneficiaries, "[i]n a very real sense, ... it is the [beneficiaries'] cause of action." *Haakanson v. Wakefield Seafoods, Inc.*, 600 P.2d 1087, 1090 n. 4 (Alaska 1979) (quoting *Gaudette v. Webb*, 362 Mass. 60, 284 N.E.2d 222, 230 (1972)). Damages depend primarily upon the loss that the beneficiaries have suffered. *Haakanson* at 1090. The personal representative "is a nominal party only ... [and] holds any recovery as trustee for the statutory beneficiaries." *Id.* (citations omitted).

On the other hand, if (and *only* if) no spouse, child, or dependent survives the decedent, then "the personal representative is the real party in interest in the wrongful death action. Damages are limited to the loss to the estate and are distributed as other personal property of the deceased." *In re Pushruk*, 562 P.2d 329, 331 (Alaska 1977) (footnote omitted); *see also* AS 09.-55.580(a).

■ In the present case, all personal representatives of the seven decedents brought their wrongful death actions on behalf of surviving statutory beneficiaries. Accordingly, any recovery the representatives obtained as a result of their actions, whether by settlement and release[8] or by

notes that the 6.15 million dollars in settlement monies were disbursed directly to the statutory beneficiaries in the case and that the estates of the decedents contained nothing of value "[a]side from a gun or two and a run-down automobile." Thus, SouthCentral avers that it has been unable to enforce its judgment. In contrast, the personal representatives assert that SouthCentral has satisfied its costs and fees judgment "as to some of the estates." The personal representatives do not suggest, however, that facts in the case have rendered the legal issues moot.

7. Generally, awards of costs under Civil Rule 79 are within the broad discretion of the trial court, *CTA Architects of Alaska, Inc. v. Active Erectors & Installers, Inc.*, 781 P.2d 1364, 1365 (Alaska 1989), as are awards of attorney's fees under Civil Rule 82, *Myers v. Snow White Cleaners & Linen Supply, Inc.*, 770 P.2d 750, 752 (Alaska 1989). This case, however, also presents issues of statutory construction, which are questions of law. As we explained in *CTA Architects*, we are not bound by a trial court's resolution of questions of law, but instead we are required to adopt the rule of law which is most persuasive in light of precedent, reason and policy. *CTA Architects*, 781 P.2d at 1365. To the extent that an award of costs or attorney's fees is consistent with the legal principles we have adopted, the award is committed to the broad discretion of the trial court and will not be disturbed on appeal, absent a clear showing that the trial court's determination was arbitrary, capricious or manifestly unreasonable, or that it stemmed from an improper motive. *Id.; Myers*, 770 P.2d at 752.

8. *See Mitchell v. Mitchell*, 655 P.2d 748, 751–53 (Alaska 1982) (one wrongful death action encompasses the claims of all statutory beneficiaries, and settlement and release of the action settles and releases all such claims).

verdict, they held as trustees for the beneficiaries. The flow of the recovery from the settlement in this case to the beneficiaries thus did not pass through the decedents' estates. The estates simply had no involvement in this case at all. Consequently, the trial court had no basis on which it could have determined that the estates, through the personal representatives, were nonprevailing parties for the purpose of assigning costs and attorney's fees liability under Civil Rules 79 and 82. Accordingly, we vacate the trial court's costs and fees decision insofar as it imposes liability against the seven decedents' estates.

B

Proper entry of judgment on costs and fees is the next issue we address. Alaska Statute 09.60.010, carries the title "Costs and attorney fees allowed prevailing party," and states that "[t]he supreme court shall determine by rule or order the costs, if any, that may be allowed the prevailing party in a civil action." AS 09.60.010, (Supp.1991). Pursuant to this statute, we have determined the general availability of costs and fees by promulgating Civil Rules 79 and 82. We also have considered at some depth the question against whom costs and fees might be allowed under Civil Rules 79 and 82. *See, e.g., Moses v. McGarvey,* 614 P.2d 1363, 1367–68 (Alaska 1980). The present question, however, does not primarily involve interpretation or application of those rules. Rather, in this instance a specific statutory limitation on the allowance of costs and fees establishes our starting point.

Our code of civil procedure specifically addresses costs and fees in those cases in which a party is a representative:

> In actions in which an executor, administrator, trustee of an express trust, or a person authorized to represent a party is a party, costs may be allowed as in other cases. However, when costs are allowed against that party, they are chargeable solely upon the estate, fund, or party represented unless the court orders the costs to be paid by that party personally for mismanagement or bad faith in the conduct of the action.

AS 09.60.040.[9] In our view, the legislature here has delineated the method a court must follow in determining against whom costs and fees may be allowed when, as in this case, a representative is nominally the nonprevailing party in an action. We find particularly relevant those clauses in AS 09.60.040 providing on the one hand that costs and fees may be allowed against representatives, but providing on the other hand that such costs and fees "are chargeable solely upon the estate, fund, or party represented."

■ As we explained, the wrongful death statute itself precludes any assessment of cost and fee liability against the decedents' estates because the personal representatives did not represent those estates in their actions. Here, however, the trial court had before it a "fund," within the meaning of AS 09.60.040. The fund arose when all of the plaintiffs settled with two of the defendants and dismissed with prejudice their claims against those defendants. As the wrongful death statute explains, "[w]hen the plaintiff prevails, the trial court shall determine the allowable costs and expenses of the action and may, in its discretion, require notice and hearing thereon. The amount recovered shall be distributed only after payment of all costs and expenses of suit and debts and expenses of administration." AS 09.55.-580(a). The trial court here should have reserved distribution of some or all of the settlement monies until it could determine the full extent of "costs and expenses of suit," under AS 09.55.580. Those expenses foreseeably included costs and fees owed to SouthCentral in the event SouthCentral prevailed in the plaintiffs' remaining action. Thus, under AS 09.55.580(a) and AS 09.60.040, the court should have reserved distribution of at least an appropriate part

---

**9.** Chapter 60 of the Code of Civil Procedure uses the term "costs" in the most general sense, so that it encompasses both expenses of litigation and attorney fees. *See, e.g.,* AS 09.60.010. Civil Rule 79 employs a more specific and limited use of the term.

of the settlement fund until after the remaining action against SouthCentral was resolved. At that point, when the court entered judgment in favor of SouthCentral for costs and fees, the judgment properly would have been against the personal representatives in their official capacities, but would have been "chargeable" only against the reserved fund.[10] AS 09.60.040; *see also Haakanson*, 600 P.2d at 1090 (stating that the personal representative is a nominal party only, holding "any recovery as trustee for the statutory beneficiaries").

SouthCentral argues against this conclusion. According to SouthCentral, the personal representatives should be held liable for the costs and fees judgment not only in their official capacities, but also in their individual or personal capacities. SouthCentral offers two separate bases for their argument.

■ Initially, SouthCentral brings to our attention *Sloan v. Atlantic Richfield Co.*, 552 P.2d 157 (Alaska 1976) (*Sloan II*), in which we affirmed a judgment of attorney's fees against the personal representative in a wrongful death action. *Id.* at 161. In *Sloan II*, however, we did not specify *in what capacity* Ms. Sloan, as a nonprevailing party in a wrongful death action, could be held responsible for attorney's fees. *Id.* Ms. Sloan actually sued "individually and as Executrix of the Estate of Moses C. Sloan, deceased, and the children of Moses C. Sloan." *Sloan v. Atlantic Richfield Co.*, 541 P.2d 717 (Alaska 1975) (*Sloan I*). Ms. Sloan thus was, for the purposes of her wrongful death action, an individual plaintiff, a personal representative, and a statutory beneficiary. We erred in *Sloan II* by not explicating the basis of Ms. Sloan's liability for costs and fees. We did not hold, however, that she was individually liable for a judgment of costs and fees simply because she had acted as the dece-

dent's representative in the action. As a result, *Sloan II* provides no authority for finding the personal representatives in the present case individually liable. Nor does *Sloan II* conflict with our ruling today that, under AS 09.60.040, the personal representative who fails to prevail in a wrongful death action cannot be held individually liable for costs and fees solely on the basis of representative status, except when the representative is found to have conducted the action with mismanagement or in bad faith.

SouthCentral's alternative argument depends upon the mismanagement or bad faith exception in AS 09.60.040. In particular, SouthCentral argues that the personal representatives in this case committed mismanagement by pursuing disbursement of the settlement monies while their action against SouthCentral remained pending. Thus, asserts SouthCentral, under the plain language of AS 09.60.040 the representatives should be held individually liable for costs and fees. Again, we disagree. In the first place, we are mindful that our decision in *Sloan II*, by failing to articulate the proper interplay of AS 09.55.580 and AS 09.60.040, well may have left the personal representatives without a reasonable guide for the management of their recovery. Moreover, we note that the representatives could obtain distribution of the recovery only with the trial court's approval. *See* AS 09.55.580(a). Consequently, we see no basis for finding mismanagement under these facts. We conclude that the trial court correctly refused to impose liability for costs and fees upon the personal representatives in their individual capacities under this rationale.

## C

■ Of course, our discussion to this point does not resolve the underlying prac-

---

**10.** The trial court's discretionary allocation of liability for costs and fees would determine the extent to which such liability would affect the individual shares of the settlement that the representatives actually recovered. The court, for example, might assign to each personal representative nominal liability for costs and fees in proportion to the fraction of the total amount of

the settlement that each representative in the consolidated action actually obtained for her decedent's statutory beneficiaries. *Cf. Myers v. Snow White Cleaners & Linen Supply, Inc.*, 770 P.2d 750, 752–53 (Alaska 1989) (trial court has discretionary flexibility in determining fee awards in multi-party litigation).

tical problem in the case. The trial court should have reserved some part of the plaintiffs' initial recovery and the court should have "charged" costs and fees upon that recovery by technically imposing liability against the personal representatives in their official capacity. But the court did not reserve the recovery and the fund no longer exists. The next question, then, is whether SouthCentral may pursue satisfaction of its costs and fees judgments despite the distribution of the fund. We conclude that it may.

SouthCentral should have the right to trace the distributed funds through the personal representative to each statutory beneficiary. This remedy follows logically from section 580(a) of the Death Act, which provides that "[t]he amount recovered shall be distributed only after payment of all costs and expenses of suit." The trial court erred in the present case by approving the distribution of proceeds without providing for payment of costs including court awarded costs and attorney's fees, as required by this statutory section.[11]

Accordingly, upon remand, the trial court should vacate its original judgment on costs and attorney's fees and enter a judgment against the personal representatives in their official capacity. The court also should specify that the judgment is chargeable only upon the actual beneficiaries of the settlement, as it was distributed.

### III

■ SouthCentral next appeals the trial court's decision to assess liability for costs and fees against the multiple plaintiffs on a pro rata basis. Relying upon *Stepanov v. Gavrilovich*, 594 P.2d 30 (Alaska 1979), SouthCentral argues that multiple nonprevailing parties should be held jointly and severally liable for costs and fees. We disagree.

In *Stepanov*, we held that when a defendant prevails against multiple plaintiffs who jointly moved for consolidation of their cases, the trial court *could* impose joint and several liability for costs and fees. *Id.* at 36. Such a ruling was within the trial court's discretion. *Id.* (citing *Karrick v. Edes*, 19 F.2d 693, 695 (D.C.Cir.1927) (unsuccessful "united" plaintiffs usually are jointly and severally liable for costs)). We did not hold in *Stepanov*, however, that trial courts *must* assign joint and several liability for costs and fees in every consolidated case.

Significantly enough, consolidation in the present case was not the result of a united effort by the plaintiffs. Two of the *defendants* in this litigation moved for consolidation; one personal representative opposed it. Moreover, as SouthCentral acknowledges, consolidation attempts began before all eventual plaintiffs were before the court. Given these facts, we think it is clear that *Stepanov* did not *require* Judge Cranston to impose joint and several liability for costs and fees on the plaintiffs. Rather, Judge Cranston had discretion to determine whether joint and several liability was proper. He determined that it was not. In *McGarvey*, we indicated that the trial courts have great discretion to adapt awards of costs and fees to the unique circumstances of a particular case. *McGarvey*, 614 P.2d at 1367–68. That is precisely what Judge Cranston did when he imposed pro rata liability. Thus, we find no abuse of discretion.

However, because we are vacating the underlying decision on costs and fees liability, we hesitate simply to affirm the trial court's pro rata liability decision. We have ordered that the trial court, upon remand, impose liability for costs and fees in a way that will put responsibility for payment upon the statutory beneficiaries. We also order, then, that the trial court shall recon-

---

**11.** In this case, the plaintiffs recovered against two of the three defendants named in the action. Thus, a fund from which costs might be paid to the prevailing defendant was created. In some cases, obviously, the result at trial will be different: a plaintiff may not prevail against any defendant, in which case, there will be no "fund." In these circumstances, may statutory beneficiaries still be held liable for a prevailing defendants' costs and attorney's fees?

The answer to this interesting question will not be found in today's opinion. The question is not before us at this time, and we do not decide it here.

sider the fairness of its original 1/7 pro rata approach in light of the actual burden for costs and fees that the pro rata liability now will impose upon each individual beneficiary. *See supra* note 10.

## IV

■ In its final point on appeal, SouthCentral challenges the trial court's refusal to order three personal representatives who also sued individually to appear individually for judgment debtor examinations.[12] In effect, argues SouthCentral, the trial court's debtor examination orders relieved those individual plaintiffs of liability for costs and fees. In response, the personal representatives argue that South-Central's position relies merely upon the form of the captions in several of the complaints and ignores the actual substance of the complaints and the proof at trial. Thus, the personal representatives suggest, the trial court did not commit an abuse of discretion by refusing to find the individually named plaintiffs nonprevailing parties for the purpose of awarding costs and fees. SouthCentral simply ignores that argument and states flatly: "As named plaintiffs, these parties are liable to SouthCentral on its judgment for costs and attorney's fees." Reply Brief for Cross–Appellant at 14.

We find SouthCentral's argument on this point totally unpersuasive. The captions of pleadings in wrongful death actions often carry misleading connotations. For example, the caption of the present case on all pleadings and briefs contains repeated reference to the decedents' estates as parties plaintiff, and yet, as we have explained, the decedents' estates had nothing whatsoever to do with the case. We thus are unwilling to place significant weight upon a mere listing of individual claims in the caption.

As noted, SouthCentral has offered no reason other than the form of the caption for questioning the trial court's determination of who prevailed and who did not prevail in this consolidated action. Consequently, we must conclude that the trial court acted within its broad discretion under Civil Rules 79 and 82 when it refused to impose liability for costs and fees upon the individually named plaintiffs. *See CTA Architects of Alaska, Inc. v. Active Erectors & Installers, Inc.*, 781 P.2d 1364, 1365 (Alaska 1989); *Myers v. Snow White Cleaners & Linen Supply, Inc.*, 770 P.2d 750, 752–53 (Alaska 1989).

The trial court's judgment awarding costs and attorney's fees is VACATED in part, AFFIRMED in part, and REMANDED for proceedings consistent with this opinion.

MATTHEWS, Justice, joined by RABINOWITZ, Chief Justice, dissenting in part.

It would be proper to hold the personal representatives in these cases personally liable for disbursing the settlement funds without reserving funds sufficient for the payment of court awarded costs and attorney's fees as they were required to do under section 580(a) of the Death Act. The personal representatives, in turn, may proceed against beneficiaries for reimbursement under equitable principles analogous to those underlying AS 13.16.575.[1] The personal representatives may have valid defenses based on *res judicata* or estoppel principles if SouthCentral was given notice of the proposed settlement disbursements and did not object, or if SouthCentral was given notice, did object, and did not appeal or otherwise seek to obtain an adjudication of its rights. Whether such defenses are

---

**12.** These individually named plaintiffs were Sharon Kay Breitenfeld, Patricia Ann Lazar, and Lorna Hodgin. All were statutory beneficiaries, personal representatives, and individually named plaintiffs.

**1.** AS 13.16.575 provides:
Unless the distribution or payment no longer can be questioned because of adjudication, estoppel, or limitation, a distributee of property improperly distributed or paid, or a claim-

ant who was improperly paid, is liable to return the property improperly received and its income since distribution if the distributee or claimant has the property. If the distributee or claimant does not have the property, then the distributee or claimant is liable to return the value as of the date of disposition of the property improperly received and its income and gain.

available in the individual cases should, in my view, be adjudicated on remand.