James A. WILLIAMS, Appellant,

v.

C. P. COUGHLAN, Ted McRoberts, Otheal Waitland, Ladessa Nordale, T. N. Gore, and R. J. McNealy, Appellees.

No. 15405.

United States Court of Appeals Ninth Circuit.

April 30, 1957.

James A. Williams, in pro. per.

R. J. McNealy, Fairbanks, Alaska, for appellees.

Before DENMAN, Chief Judge, and STEPHENS and POPE, Circuit Judges.

DENMAN, Chief Judge.

Williams appeals from an order of the United States District Court of Alaska, Fourth Division, dismissing his action against the above-named defendants, without prejudice, on the ground that since Williams is a felon confined in the Federal Penitentiary at McNeil Island, Steilacoom, Washington, he has no capacity to sue under Section 65–2–9, A.C.L.A.1949, which provides in pertinent part as follows:

"Effect of judgment of imprisonment in penitentiary. That a judgment of imprisonment in the penitentiary for any term less than for life suspends all civil rights of the person so sentenced, and forfeits all public offices and all private trusts, authority, or power during the term or duration of such imprisonment."

Nothing in the record before us indicates that any of the above named defendants, except McNealy, were served with process in the case or subjected themselves to the jurisdiction of the court below by participating in the proceedings there. McNealy, the sole defendant over whom this court has jurisdiction, moved the court below to dismiss the action on the ground that it was barred by the statute of limitations when appellant filed his complaint on October 15, 1956. Hence it is necessary to decide what is the exact nature of the claim or claims which appellant's complaint seeks to assert against McNealy in order to determine what period of limitation, if any, applies.

The portion of the complaint dealing with McNealy reads as follows:

" * * * on or about the 21st day of August, Ladessa Nordale, T. N. Gore and R. J. McNealy, Defendants, unlawfully compelled the Plaintiff to stand trial upon a charge of selling liquor without a license, without due process of law and without any of the defense witnesses whom the Plaintiff had requested be subpoenaed being present and without the compulsory process of compelling the requested witnesses to be present at the trial; also with R. J. McNealy unlawfully acting as defense attorney with the intent of having the Plaintiff unlawfully confined and committed to jail.

"(E) That Defendants Ladessa Nordale, T. N. Gore and R. J. McNealy, in their respective offices of U. S. Commissioner, Assistant U. S. Attorney and U. S. Attorney of the Fourth Division, Territory of Alaska, then and there being, then and there willfully, unlawfully aided and abetted Defendants C. P. Coughlan and Otheal Waitland in causing the unlawful arrest and detention of the Plaintiff by accepting the criminal complaints against the Plaintiff as is referred to above, and thereafter issuing warrants for the arrest of the Plaintiff without any probable cause or investigation as required by Article IV of the Bill of Rights of the Constitution of the United States of America."

Appellant first alleges that McNealy together with Nordale and Gore "unlawfully compelled" appellant to stand trial on a charge of selling liquor without a license "without due process of law" and in the absence of witnesses whom appellant had sought to have subpoenaed. Disregarding the words "unlawfully" and "without due process of law" as mere conclusions of law by which appellant seeks to characterize the acts of appellee, we find that appellant asserts that by compelling appellant to go to trial without the aid of his witnesses appellee exposed himself to civil liability in damages for injuries inflicted on appellant as a result of that trial. The claim thus asserted clearly sounds in tort only; no element of contractual liability appears.

Appellant next alleges that appellee at that trial acted "unlawfully" as defense attorney with the intent of having appellant "unlawfully" committed to jail. Construing this allegation liberally in favor of appellant, we find no indication that he intends to assert by this language anything other than a tort claim against appellee for depriving appellant unjustly of his liberty.

Finally appellant alleges that, together with the other named defendants, appellee in his capacity as United States Attorney caused appellant to be arrested on criminal complaints sworn out by named defendants Coughlan and Waitland "without probable cause or investigation" required by the Constitution. This allegation, like those previously discussed, purports to state a claim in tort against appellee. All these claims therefore appear to be subject to a two year period of limitation under § 55–2–7, A.C.L.A.1949, which reads in pertinent part as follows:

"Within two years—

"First. An action for libel, slander, assault, battery, seduction, false imprisonment or for any injury to the person or rights of another not arising on contract and not herein especially enumerated  *   *   *."

Since these claims accrued on or about August 21, 1953, according to the complaint, they were therefore barred by the statute of limitations on or about August 21, 1955, unless the statute of limitations was tolled by § 55–2–15, A.C.L.A.1949, which reads in pertinent part as follows:

"If any person entitled to bring an action mentioned in this article *  *  * *be at the time the cause of action accrued*  *  *

*   *   *   *   *   *

"Third. Imprisoned on a criminal charge, or in execution under sentence of a court for a term less than his natural life.

"The time of *such disability* shall not be a part of the time limited for the commencement of the action, but the period within which the action shall be brought shall not be extended in any case longer than two years after such disability ceases." (Emphasis supplied.)

Since there is no showing in the record before us whether or not appellant was imprisoned on August 21, 1953, when the acts complained of allegedly occurred, it would appear from the record that, as above stated, appellant's claims were barred on or about August 21, 1955.

However, both appellant and appellee state in their briefs that at the time appellant's cause of action accrued he was confined in the Federal Jail at Fairbanks, Alaska, apparently on the criminal charge of selling liquor without a license, his confinement terminating on December 5, 1953. Assuming this to have been the case, it appears that under § 55–2–15 the statute of limitations would not have run during this period, but would have commenced to run upon appellant's release on December 5, 1953, and, unless the statute were thereafter tolled for some reason, appellant's claims would be barred on December 5, 1955.

Nothing appears in the record or elsewhere to indicate how long appellant was at liberty after his release on December 5, 1953, before his present period of imprisonment commenced. Our study of Section 55–2–15 convinces us that the statute of limitations on the present claims was not tolled under that section during this latter period of imprisonment because that section tolls the statute only during the continuance of the disability which existed at the time the cause of action arose. This appears from the language of Section 55–2–15 which provides that the statute is tolled during the period of "such disability"; "such" clearly refers to the disability existing "at the time the cause of action accrued." Since appellant's present period of imprisonment was not in effect at the time the claims here asserted accrued, it follows that the statute of limitations was not tolled by Section 55–2–15 after December 5, 1953. Therefore appellant's claims against McNealy were barred on

December 5, 1955 and the action should have been dismissed on that ground, instead of "without prejudice".

In this situation we do not reach the question of the constitutionality of applying Section 65–2–9, which suspends the civil rights of a felon during his imprisonment, to bar him from bringing a civil action where the statute of limitations is not tolled under Section 55–2–15 because the statute had run when this action was brought, and was properly pleaded in defense.[1]

The decision is reversed and the action is ordered dismissed.

---

1. Where it appears from the face of the complaint that the claim may be barred by the statute of limitations, this defense may be raised by motion. Sherwin v. Oil

City National Bank, D.C.W.D.Pa.1955, 18 F.R.D. 188, affirmed 3 Cir., 1956, 229 F.2d 835.