William YURIOFF, Appellant,

v.

AMERICAN HONDA MOTOR COMPANY, INC., and Port Lions Community Store, Appellees.

No. S-3106.

Supreme Court of Alaska.

Nov. 30, 1990.

---

John W. Hendrickson, Anchorage, for appellant.

Robert L. Eastaugh, Delaney, Wiles, Hayes, Reitman & Brubaker, Inc., Anchorage, for appellee American Honda Motor Co., Inc.

Before MATTHEWS, C.J., and RABINOWITZ, BURKE and COMPTON, JJ.

## OPINION

MATTHEWS, Chief Justice.

This is an appeal from a summary judgment that a personal injury products liability suit was barred by the two-year statute of limitations. The injured plaintiff argues that the superior court erred because: (1)

the evidence presented a genuine issue of material fact regarding the date of the accident; (2) the discovery rule tolled the statute while plaintiff was bedridden for three days following the accident; (3) the statute was tolled by plaintiff's post-accident incarceration; and (4) the superior court's award of paralegal and expert witness costs was excessive. We affirm the entry of summary judgment, but remand for redetermination of the cost award.

## I. FACTUAL AND PROCEDURAL BACKGROUND.

One day in March 1985, William Yurioff was riding a three-wheel all-terrain vehicle (ATV) when he noticed that the throttle was sticking. The next day, he took a test ride to see whether the throttle should be repaired. During the test ride, the throttle stuck in a wide-open position. Unable to control the speeding ATV, Yurioff plowed through a snowbank, struck a tree stump and flew over the handlebars. The ATV landed on top of him.

Yurioff was treated at the Port Lions Clinic for scrapes and bruises and released the same day. He remained at home in bed for three days following the accident.

In November 1985, Yurioff was arrested and spent several days in jail. He returned to jail in April 1986 and remains there to the present.

On March 20, 1987, Yurioff filed a products liability suit against American Honda Motor Company, manufacturer of the ATV, and Port Lions Community Store, the retailer. American Honda moved to dismiss, arguing that the claim was barred by the two-year statute of limitations, AS 09.10.-070. The superior court agreed and dismissed the complaint with prejudice. The court awarded American Honda costs and attorney's fees and entered final judgment. Yurioff appealed.

## II. STANDARD OF REVIEW.

When a party moves to dismiss a complaint for failure to state a claim upon which relief can be granted and material outside the pleadings is presented, the motion is treated as one for summary judgment pursuant to Alaska Civil Rule 56, unless the trial court expressly excludes from consideration the extraneous material. *Adkins v. Nabors Alaska Drilling,* 609 P.2d 15, 21 (Alaska 1980); Alaska R.Civ.P. 12(b). The court may enter summary judgment if the evidence in the record presents no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Gudenau & Co. v. Sweeney Ins.,* 736 P.2d 763, 765 (Alaska 1987); Alaska R.Civ.P. 56(c). All reasonable inferences of fact are drawn in favor of the party opposing the motion and against the moving party. 736 P.2d at 765.

Here, the superior court did not expressly exclude from consideration the documents and deposition transcripts which were presented in connection with the motion to dismiss; therefore, we will review the appeal as if the superior court had entered summary judgment for American Honda.

## III. THE EVIDENCE DOES NOT PRESENT A GENUINE ISSUE OF MATERIAL FACT REGARDING THE DATE OF THE ACCIDENT.

Yurioff argues that the superior court erred in entering summary judgment because evidence in the record presents a genuine issue of material fact on the question whether the accident took place on March 20, rather than March 19, 1985.

Statutes of limitation are intended to promote prompt prosecution of civil claims. *Haakanson v. Wakefield Seafoods,* 600 P.2d 1087, 1090 (Alaska 1979). Thus, a personal injury claim is barred unless it is commenced within two years after it accrues. AS 09.10.070. A cause of action accrues when a party knows or should know that he has a claim. *Demoski v. New,* 737 P.2d 780, 788 (Alaska 1987). Ordinarily, this is the date on which the injury occurs. *Russell v. Municipality of Anchorage,* 743 P.2d 372, 375 (Alaska 1987); *Gudenau,* 736 P.2d at 766.

The complaint was filed on March 20, 1987. Thus, if the accident took place on March 20, 1985, the complaint was timely filed within the statutory period. If, how-

ever, the accident took place on or before March 19, then the claim was not timely filed.

■ Accordingly, American Honda, the proponent of the summary judgment motion, had the initial burden of making a prima facie showing that the accident occurred on or before March 19. *See Bauman v. State, Division of Family & Youth Services*, 768 P.2d 1097, 1099 (Alaska 1989). ("The proponent of a summary judgment motion has the initial burden of establishing the absence of genuine issues of material fact and his or her right to judgment as a matter of law.") *See also* Alaska R.Civ.P. 56; *Howarth v. First National Bank of Anchorage*, 540 P.2d 486, 489 (Alaska 1975). It made this showing with the following evidence:

(1) records from the Port Lions Clinic indicating that the accident occurred on March 19;

(2) deposition testimony of the treating physician and community health aide establishing the authenticity of the clinic records; and

(3) Yurioff's own deposition testimony admitting that the accident probably occurred on the date indicated on the clinic records.

To prevent summary judgment, Yurioff, the non-movant, was required to rebut this prima facie showing with evidence "reasonably tending to dispute or contradict" American Honda's evidence. *See State, Dep't of Highways v. Green* 586 P.2d 595, 606 n. 32 (Alaska 1978). (Once the movant has made a prima facie showing, "the non-movant is required, in order to prevent summary judgment, to set forth specific facts showing that he could produce evidence reasonably tending to dispute or contradict the movant's evidence and thus demonstrate that a material issue of fact[ ] exists.") *See also Bauman*, 768 P.2d at 1099; *Howarth*, 540 P.2d at 489–90. Yurioff's rebuttal consisted of only one item of evidence: his own deposition testimony stating that he thought the accident occurred on March 20.

To be sure, this statement rendered equivocal Yurioff's admission that the accident occurred on March 19. Indeed, if a scintilla of contrary evidence were sufficient to create a genuine issue of fact, we would agree with Yurioff that summary judgment was improper. However, the question is whether Yurioff's equivocation "reasonably tend[ed] to dispute or contradict" authentic documentation of the date of the injury. We think that it did not. Thus, the statute of limitations expired on March 19, 1987, and the complaint, filed the next day, was not timely.

## IV. THE DISCOVERY RULE DID NOT TOLL THE STATUTE WHILE YURIOFF WAS BEDRIDDEN IMMEDIATELY AFTER THE ACCIDENT.

■ Yurioff argues that the discovery rule tolled the statute of limitations for three days while he was bedridden immediately after the accident. We disagree.

When the nature of the injury, or the nature of the cause of the injury, prevents a plaintiff from discovering facts essential to his claim, the discovery rule tolls the statute until the plaintiff discovers or reasonably should have discovered that he has a case. *Russell*, 743 P.2d at 375; *see also Wettanen v. Cowper*, 749 P.2d 362, 364 (Alaska 1988); *McCutcheon v. State*, 746 P.2d 461, 466 (Alaska 1987); *Hanebuth v. Bell Helicopter Int'l*, 694 P.2d 143, 144 (Alaska 1984).

In *Mine Safety Appliances v. Stiles*, 756 P.2d 288 (Alaska 1988), an oil drilling platform worker sued the manufacturer of a plastic safety helmet four years and four months after a workplace accident. *Id.* at 290. Stiles argued that the two-year statute of limitations was tolled until he "actually discovered evidence supporting his claim that his safety helmet was defectively designed." *Id.* However, we held that the statute began to run when Stiles reasonably should have begun an inquiry to protect his rights, whether or not he knew the technical cause of the defect. *Id.* at 291–92. Thus, we concluded that his claim was barred by time. *Id.* at 292.

Under the rule in *Stiles*, the statute began to run when Yurioff reasonably should have begun an inquiry to protect his rights. It is enough that Yurioff knew that the ATV malfunctioned and an accident en-

sued; it is not necessary that he have actual knowledge or evidence that the throttle was the cause of the malfunction. By his own testimony, Yurioff was aware of both the malfunction and his injury on the day of the accident. We hold that the discovery rule did not toll the statute while Yurioff was bedridden.

## V. THE STATUTE WAS NOT TOLLED BY YURIOFF'S POST–ACCIDENT INCARCERATION.

American Honda contends that Yurioff's post-accident imprisonment is irrelevant because he was not in prison at the time the cause of action accrued. It relies on the language of former [1] AS 09.-10.140 (emphasis added):

> If a person entitled to bring an action mentioned in this chapter is *at the time the cause of action accrues* ... imprisoned on a criminal charge, or in execution under sentence of a court for a term less than the person's natural life, the time of the disability is not a part of the time limited for the commencement of the action.

In *Williams v. Coughlan*, 17 Alaska 147, 244 F.2d 6 (9th Cir.1957) (construing ACLA 65–2–9 (1943)), the United States Court of Appeals for the Ninth Circuit construed the forerunner of AS 09.10.140 to toll the statute only when the plaintiff was imprisoned when the cause of action accrued.

Yurioff argues that this interpretation of AS 09.10.140 is inconsistent with the plain language of AS 09.10.180:

> No person may claim the benefit of a disability unless it existed when the right of action accrued or began before the time for commencing the action expired.

According to Yurioff, AS 09.10.180 compels tolling the statute for any period that the plaintiff was incarcerated while the statute was running.

The apparent conflict between section 180 and section 140 is eliminated when one considers two other limitation disability sections, AS 09.10.160 and AS 09.10.170.[2] Section 160 tolls the statute of limitations in favor of a citizen of a foreign country which is at war with the United States during the continuance of the war. Section 170 tolls the statute of limitations in favor of a claimant who is prevented by a court injunction or a statute from filing suit. In both cases, there is no requirement, as there is in section 140, that the disability exist at the time the cause of action accrues. Therefore, in accordance with the canon of construction that statutes should be reasonably construed so they do not conflict,[3] we construe that portion of section 180 which comes before the disjunctive "or" to apply to disabilities which must exist at the time the cause of action accrues and the portion which follows the disjunctive to apply to those disabilities which are not so limited. As so construed, the phrase in § 180 "began before the time for commencing the action expired," does not apply to the disability of incarceration. Since Yurioff was not incarcerated when his cause of action accrued, the statute of limitations was not tolled.

## VI. THE SUPERIOR COURT ERRED BY AWARDING AMERICAN HONDA EXCESSIVE COSTS.

Yurioff argues that the superior court erred in awarding American Honda one hundred percent of its paralegal fees. This contention is without merit.

Paralegal expenses which are necessarily incurred are recoverable under Alaska Civil

---

1. Effective September 3, 1986, the legislature amended AS 09.10.140 to remove imprisonment as a statutory tolling disability. Ch. 88, § 1, SLA 1986.

2. AS 09.10.160 provides:
   *Disability of alien during war.* When a person is an alien subject or citizen of a country at war with the United States, the time of the continuance of the war is not a part of the period limited for the commencement of the action.

AS 09.10.170 provides:
   *Injunction against commencement of action.* When the commencement of an action is stayed by injunction or a statutory prohibition, the time of the continuance of the injunction or prohibition is not a part of the time limited for the commencement of the action.

3. *Matter of Estate of Hutchinson*, 577 P.2d 1074, 1075 (Alaska 1978).

Rule 79(b).[1] *CTA Architects v. Active Erectors,* 781 P.2d 1364, 1367 (Alaska 1989); *Atlantic Richfield Co. v. State,* 723 P.2d 1249, 1253 (Alaska 1986). Thus, the superior court did not err in awarding American Honda its actual paralegal costs.

■ Yurioff also argues that the superior court erred in awarding American Honda certain fees for testimony by two expert witnesses. We agree.

American Honda paid Yurioff's two treating physicians $500.00 and $275.00, respectively, to take their depositions. The superior court awarded American Honda the full fees it paid to the treating physicians.

Alaska Administrative Rule 7(c) provides in part that "[r]ecovery of costs for a witness called to testify as an expert is limited to the time when the expert is employed and testifying and shall not exceed $50.00 per hour." Treating physicians are expert witnesses when they testify as such and the prevailing party is entitled to recover fees paid for their testimony subject to the limitations of Administrative Rule 7(c). Costs exceeding the limits of Administrative Rule 7 are not recoverable under the "catchall provision" of Civil Rule 79(b). *CTA Architects,* 781 P.2d at 1368 (Rabinowitz, J., concurring); *Miller v. Sears,* 636 P.2d 1183, 1195 (Alaska 1981) (applying Administrative Rule 9(c) which now appears as Administrative Rule 7(c)). We hold that the superior court erred in awarding expert witness costs exceeding the limits of Administrative Rule 7.

The summary judgment is AFFIRMED. The award of costs incurred to depose the treating physicians is REVERSED and REMANDED for redetermination pursuant to Administrative Rule 7(c).

MOORE, J., not participating.

---

4. Alaska Civil Rule 79(b) states in relevant part: In addition to the items allowed as costs by law and in these rules, a party shall be allowed any other expenses necessarily in-

1. Administrative Law and Procedure
   ⟜391

Regulation is considered procedurally presumptively valid once a certified copy has been filed, and party challenging regulation must show substantial failure to comply with the Administrative Procedures Act in order to rebut presumption of procedural validity. AS 44.62.100.

curred in order to enable a party to secure some right accorded him in the action or proceeding.