STATE of Alaska, DEPARTMENT OF CORRECTIONS, Petitioner,

v.

James L. WELCH, individually and as personal representative of the Estate of Stephen Shane Welch, and Linda Kay Smith, individually, Respondents.

James L. WELCH, individually and as personal representative of the Estate of Stephen Shane Welch, and Linda Kay Smith, individually, Cross–Petitioners,

v.

STATE of Alaska, DEPARTMENT OF CORRECTIONS, Cross–Respondent.

No. 3667.

Supreme Court of Alaska.

Feb. 22, 1991.

Robert L. Eastaugh, Delaney, Wiles, Hayes, Reitman & Brubaker, Inc., Anchorage, for petitioner and cross-respondent.

Gerard R. LaParle, Fairbanks, for respondents and cross-petitioners.

Before RABINOWITZ, C.J., BURKE, MATTHEWS and COMPTON, JJ.

## OPINION

PER CURIAM.

Stephen Welch, age fourteen, lived with his mother in Waco, Texas. While visiting his father and stepmother in Fairbanks on August 18, 1986, he was sexually assaulted and shot to death by Patrick Harrington.

A search began for Stephen when he failed to return to his father's house on August 18. His body was found on August 23, following a massive search. Harrington was arrested on August 29, and indicted by a grand jury on charges of first degree murder and first degree sexual assault on September 9.

Initially Harrington pleaded not guilty as charged, but on February 5, 1987, he changed his plea to guilty of first degree murder in exchange for dismissal of the first degree sexual assault charge. He was sentenced to 99 years in prison on April 30, 1987.

On January 12, 1989, Stephen's father and mother filed suit against the State of Alaska, Department of Corrections, alleging that the state negligently supervised Harrington following his release from prison in April 1986. The suit involved allegations similar to those in *State v. Neakok*, 721 P.2d 1121 (Alaska 1986). The state moved for summary judgment, claiming that the suit was barred by AS 09.55.580(a), which provides in part:

> When the death of a person is caused by the wrongful act or omission of another, the personal representatives of the former may maintain an action therefor against the latter, if the former might have maintained an action, had the person lived, against the latter for an injury done by the same action or omission. The action shall be commenced within two years after the death, and the damages therein shall be the damages the court or jury may consider fair and just.

Stephen's parents moved for summary judgment declaring that the suit was timely brought. The superior court denied both motions, remarking that:

> The Court cannot conclude as a matter of law that plaintiffs either possessed or reasonably should have possessed the requisite knowledge to have commenced the running of the statute of limitations prior to 1987. Nor can the Court conclude that the available information was inadequate to commence the running of the statute prior to the April 1987 sentencing hearing. The question presents a genuine issue of material fact which must be resolved at trial. As such, the matter cannot be resolved by summary judgment.

■ The state petitioned this court for review of the superior court's ruling. The parents cross-petitioned. We granted the petitions, Alaska Appellate Rule 403, and now reverse, directing that judgment be entered in favor of the state.

Stephen's parents argue that the earliest date the statute of limitations should be held to commence running is February 5, 1987, the date Harrington pleaded guilty to first degree murder. They even suggest that the date of sentencing would be an appropriate commencement date since it was not until they then heard a psychiatrist's testimony regarding Harrington that they had reason to believe that the state might have been negligent. Admittedly, it is not necessary to look to this later date to bring their case within the statute.

The state argues that it is unnecessary to pick a specific date on which the statute began to run. The state's analysis asks the court to look to what the parents knew or should have known two years before they filed suit. On that basis, a determination can be made whether the statute had begun to run prior to that date. The state directs our attention to the following information known to the parents before January 12, 1987:

(a) Harrington was a parolee or probationer;

(b) a parolee or probationer may be subject to conditions of release imposed by the court;

(c) certain parolees or probationers are not permitted to possess firearms or commit additional crimes, as conditions of release;

(d) ballistics tests performed on a seized firearm matched the bullet which killed Stephen; and

(e) Harrington possessed this firearm or had access to this firearm, living in the household where this firearm was kept.

Additionally, the state points to the father's statement that the newspaper in Fairbanks and local television stations reported frequently on the case. The state produced articles appearing in the *Fairbanks Daily News–Miner* in late August and early September, 1986, which made repeated reference to Harrington's status as a probationer who had been released from jail in April 1986 following arson and burglary convictions. Some of these articles were sent to Stephen's mother in Texas. The Judgment and Order of Probation on Indictment in the arson and burglary charges, as well as in a separate burglary charge, were submitted to the superior court. Each is a public document which contains the following special condition of probation: "1. The court recommends psychiatric treatment while defendant is in custody." Additional affidavits disclosing other kinds of information available to the parents were also provided. None of this evidence was controverted.

■ "Summary judgment is proper only when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *Sharrow v. Archer*, 658 P.2d 1331, 1333 n. 2 (Alaska 1983); Alaska R.Civ.P. 56(c). The parties do not dispute the underlying facts of this case. Thus, the question becomes whether the state is entitled to judgment as a matter of law.

■ The law to be applied to this case is the so called "discovery rule," which holds that a statute of limitations does not

begin to run until a plaintiff "discovers, or reasonably should discover, the existence of all the elements of his cause of action." *Greater Area Inc. v. Bookman*, 657 P.2d 828, 829 (Alaska 1982). The rule applies to actions for wrongful death. *Hanebuth v. Bell Helicopter Int'l*, 694 P.2d 143 (Alaska 1984). The rule has been most recently applied in *Yurioff v. American Honda Motor Co.*, 803 P.2d 386 (Alaska 1990), and *Palmer v. Borg–Warner Corp.*, 800 P.2d 920 (Alaska 1990).

Under the rule, the statute begins to run "when a reasonable person has enough information to alert that person that he or she has a potential cause of action or should begin inquiry to protect his or her rights." *Mine Safety Appliances Co. v. Stiles*, 756 P.2d 288, 291 (Alaska 1988). *See also, Sharrow*, 658 P.2d at 1334. Critical to the inquiry is whether the person has notice of facts " 'sufficient to prompt a person of average prudence to inquire,' and thus [the person] should be deemed to have notice of all facts which reasonable inquiry would disclose." *Russell v. Municipality of Anchorage*, 743 P.2d 372, 376 (Alaska 1987).

While ordinarily "summary judgment is an inappropriate means of ascertaining when a statute of limitations commences," *Borg–Warner Corp.*, 800 P.2d at 922, if there are uncontroverted facts that determine when a reasonable person should have been on inquiry notice, "we can resolve the question as a matter of law." *Mine Safety*, 756 P.2d at 292.

Viewing the evidence in the light most favorable to the parents, we conclude that reasonable minds could not differ on whether the parents were on inquiry notice prior to January 12, 1987. On the basis of the uncontroverted facts, a reasonable person should have known of a potential claim against the state substantially prior to that date. Therefore, suit filed on January 12, 1989, is barred by AS 09.55.580(a).[1]

1. We need not address whether Stephen's mother has a separate cause of action against the state for loss of filial consortium because, even if she has such a claim, it is time barred for the reasons discussed herein.

The Memorandum Decision entered by the superior court on March 21, 1990, is REVERSED. The court is directed to enter judgment for the State of Alaska, Department of Corrections, on its affirmative defense based on AS 09.55.580(a).