941 P.2d 900 (1997)
D.L.M. and N.C.R., Appellants,
v.
M.W., Cook Inlet Tribal Council, and The Native Village of Nanwalek, Appellees.
No. S-7546.
Supreme Court of Alaska.
June 27, 1997.
As Amended on Denial of Rehearings June 27, 1997.
*901 R. Scott Taylor, Rice, Volland, Taylor & Hensley, P.C., Anchorage, for Appellants.
Claire Steffens, Law Offices of Claire Steffens, Anchorage, for Appellee M.W.
Kari L. Bazzy Garber, Garber & Bazzy, P.C., Anchorage, for Appellees Cook Inlet Tribal Council and The Native Village of Nanwalek.
Before COMPTON, C.J., and RABINOWITZ, MATTHEWS, EASTAUGH and FABE, JJ.

OPINION
COMPTON, Chief Justice.

I. INTRODUCTION

D.L.M. and N.C.R. appeal from the superior court's grant of costs and attorney's fees under Alaska Civil Rules 79 and 82. We reverse.

II. FACTS AND PROCEEDINGS

In 1993 D.L.M. and N.C.R. petitioned to adopt M.W.'s daughter, their own granddaughter, without M.W.'s consent. M.W. is the child's father. The child's mother, L.M., had already consented to the adoption. The Village of Nanwalek intervened on the side of M.W., an Alaska Native. In the course of his opposition to the adoption, M.W. filed a motion to compel return of his daughter. M.W. also filed a separate action for permanent custody of his daughter. In May 1994, following trial in the adoption case, the superior court entered written "Findings of Fact and Conclusions of Law" in which the court denied the petition for adoption and issued an order awarding physical custody of the child to M.W.
D.L.M. and N.C.R., conceding that "the findings and order of the trial court are not appealable under Appellate Rule 202," sought discretionary review of the custody determination contained in the court's Findings of Fact and Conclusions of Law. This court granted review and issued a stay of the superior court's order. D.L.M. and N.C.R. also filed a timely appeal as of right, seeking reversal of the adoption decision. M.W.'s separate action for custody proceeded toward trial throughout this period.
In July 1994, in response to the petition for review, this court vacated the custody order and remanded the case for a supplemental custody hearing. The adoption appeal continued to proceed separately, and in December 1994 we affirmed the denial of the adoption petition.
*902 On January 3, 1995, the superior court formally dismissed the adoption petition in accordance with this court's holding. That same day, M.W. and Nanwalek filed motions for costs and attorney's fees. The superior court never ruled on the motions. M.W. and Nanwalek then filed a proposed "judgment" in their favor, along with motions to deem their costs and attorney's fees requests timely, or accepted although late.
The parties settled the separate custody case. Following the settlement, the dispute over interim custody which remained from the adoption case was resolved. The judge presiding over the adoption dispute also signed M.W.'s proposed "judgment." Within ten days of the distribution on that "judgment," M.W. and Nanwalek filed in the adoption case a motion for costs and attorney's fees, which the superior court granted. This appeal followed.

III. DISCUSSION

A. The Motions of M.W. and Nanwalek Seeking Recovery of Costs and Attorney's Fees Were Time Barred.

Under Civil Rules 79 and 82, motions for costs and attorney's fees must be filed within ten days of the entry of a final judgment.[1] Failure to act within that time constitutes waiver of the right to recover costs and attorney's fees. Id. This dispute centers on which of the orders in this case constituted a final judgment for purposes of Civil Rules 79 and 82.[2] We conclude that the superior court's Findings of Fact and Conclusions of Law constituted a final judgment, and therefore the motions of M.W. and Nanwalek to recover costs and attorney's fees, which were filed several months after distribution on that judgment, were time-barred.
Under Alaska Civil Rule 54(a), a "judgment" is defined as "a decree and any order from which an appeal lies." There is no distinction between a judgment for purposes of appeal and a judgment for other purposes, such as recovery of costs and attorney's fees. Only "final" judgments are properly subject to appeal as of right. Alaska R.App. P. 202(a). An order must be "final" for purposes of appeal in order to trigger the ten-day time period for seeking costs and attorney's fees.
"A `final' judgment is one that disposes of the entire case and ends the litigation on the merits." Borg-Warner Corp. v. Avco Corp., 850 P.2d 628, 634 (Alaska 1993) (citations omitted) (appealability was not required in order to trigger collateral estoppel). In determining whether an order is "final" for appeal purposes, we look to "the substance and effect, rather than the form, of the rendering court's judgment," focusing primarily on operational or "decretal" language. Id. An order which effects the final disposition of a case qualifies as a final judgment, and begins the time period for post-trial actions, regardless of whether it is formally labeled as a judgment.
The Findings of Fact and Conclusions of Law effectively disposed of both the adoption petition and the custody motion, leaving nothing more for the superior court to resolve. The Findings of Fact and Conclusions of Law also contain key operational language, stating that "the Petition for Adoption . .. is DENIED ... [and] it is HEREBY ORDERED that ... the physical custody of [the child] be turned over ... to [M.W.]." Moreover, to the extent that a final judgment is an order "from which an appeal lies," the Findings of Fact and Conclusions of Law qualify since an appeal as of right was taken *903 from them. In addition, the Findings of Fact and Conclusions of Law were set forth in writing on a separate document, as required by Alaska Civil Rule 58. The Findings of Fact and Conclusions of Law possess all the elements of a final judgment, despite the fact that they were not labeled as such. Accordingly, the Findings of Fact and Conclusions of Law constituted a final judgment within the meaning of Civil Rules 79 and 82.[3] To hold otherwise would be to elevate form over substance, and to unfairly prejudice D.L.M. and N.C.R., who settled the separate custody case in the belief that all issues in the adoption case had been resolved. We decline to do so.
Since the Findings of Fact and Conclusions of Law constituted a final judgment, the period for appeal and other post-trial proceedings, including motions for costs and attorney's fees, commenced upon distribution on the Findings of Fact and Conclusions of Law pursuant to Civil Rule 58.1. M.W. and Nanwalek did not attempt to recover costs and attorney's fees until several months after the distribution on that judgment. As a result, M.W. and Nanwalek waived their right to recover costs and attorney's fees.

B. The Petition for Review of the Interim Custody Order Had No Effect on the Finality of the Findings of Fact and Conclusions of Law.

M.W. and Nanwalek contend that the fact that D.L.M. and N.C.R. filed a petition for discretionary review of the interim custody decision contained in the Findings of Fact and Conclusions of Law suggests that the Findings of Fact and Conclusions of Law were not final, at least with respect to the custody issue.[4] However, the superior court only had jurisdiction to make an interim custody determination in the course of the adoption case. M.W. conceded that the custody order, and the supplemental custody proceedings ordered by the supreme court, "must be limited to a determination of interim custody pending appeal," because any "hearing to determine custody on a permanent basis would be outside the jurisdiction of the court in [the adoption] case." The fact that the order which resolved the adoption case was accompanied by an interlocutory custody order has no effect on the finality of the adoption order. The Findings of Fact and Conclusions of Law completely disposed of the adoption litigation, leaving nothing more for resolution at the trial court level. As a result, the Findings of Fact and Conclusions of Law qualify as a final judgment notwithstanding their inclusion of an interim custody order.

C. The Stay of the Superior Court's Order Did Not Affect the Superior Court's Jurisdiction to Entertain Motions for Costs and Attorney's Fees.

Finally, M.W. and Nanwalek argue that even if the Findings of Fact and Conclusions of Law qualified as a final judgment, this court's order staying the superior court's decision, a decision issued prior to the running of the ten-day time limit, deprived the superior court of jurisdiction to entertain motions for costs and attorney's fees, and thus tolled the limitations period. This contention is without merit. Stays which are issued in response to party requests do not ordinarily extend beyond the scope of those requests. The stay was issued to enjoin enforcement of the custody order contained in the Findings *904 of Fact and Conclusions of Law, not to divest the superior court of its jurisdiction to proceed with any other matters. The stay contained no language indicating that it had any effect beyond barring the custody order, as requested by D.L.M. and N.C.R. That stay therefore had no effect on the superior court's jurisdiction to consider costs and attorney's fees.

IV. CONCLUSION

The Findings of Fact and Conclusions of Law constituted a final judgment, appealable as permitted by the Civil Rules. Since the motions for costs and attorney's fees were not filed within ten days of the distribution on that judgment, they were time-barred. The decision of the superior court is REVERSED.
NOTES
[1] Civil Rule 79 provides that "[w]ithin 10 days after the date shown in the clerk's certificate of distribution on the judgment, a party entitled to costs shall serve on each of the other parties to the action or proceeding a cost bill, together with a notice of the date and time of the cost bill hearing.... Failure of a party to [do so] shall be construed as a waiver of the party's right to recover costs." Civil Rule 82(c) provides that "[t]he motion [for attorney's fees] must be filed within 10 days after the date shown in the clerk's certificate of distribution on the judgment.... Failure to move for attorney's fees within 10 days, or such additional time as the court may allow, shall be construed as waiver of the party's right to recover attorney's fees."
[2] The superior court's interpretation of civil rules is a question of law, and is therefore subject to de novo review. Ford v. Municipality of Anchorage, 813 P.2d 654, 655 (Alaska 1991) ("Since this case involves the interpretation of a civil rule, we exercise our independent judgment.").
[3] In their petition for rehearing, M.W. and Nanwalek argue for the first time that under Schneider v. Pay'N Save Corp., 723 P.2d 619 (Alaska 1986), a judgment must be entered on a document which is "separate from any opinion, memorandum, or order." Id. at 622. However, Schneider required this court to consider when an order qualifies as a "judgment" for purposes of appeal. Nothing in Schneider indicates that a judgment which is final for purposes of appeal, such as the judgment in this case, is not equally final for all other purposes. Accordingly, our decision in Schneider does not support the position of M.W. and Nanwalek.
[4] M.W. and Nanwalek argue that since D.L.M. and N.C.R. filed this petition, which was based on a characterization of the Findings of Fact and Conclusions of Law as interlocutory, they should be estopped from arguing that the Findings of Fact and Conclusions of Law constituted a final judgment. This argument fails. As noted, the petition concerned the custody decision alone, and had no impact on the adoption issue. The appeal as of right clearly demonstrated the finality of the adoption decision. Moreover, there is no evidence that M.W. and Nanwalek actually relied on the petition, since they did not contest the propriety of the appeal as of right.