STRONG ENTERPRISES, INC., Gregory E. Strong, Double Horseshoe Investments, and BF Properties, Appellants,

v.

Thomas L. SEAWARD, Appellee.

Nos. S–8420, 5118.

Supreme Court of Alaska.

May 21, 1999.

Rehearing Denied June 29, 1999.

Louis R. Veerman and Roger P.J. Belman, Guess & Rudd, P.C., Anchorage, for Appellants.

Douglas O. Moody, Gingras & Moody, L.L.C., and D. Kevin Williams, Law Office of D. Kevin Williams, Anchorage, for Appellee.

Before MATTHEWS, Chief Justice, COMPTON, EASTAUGH, FABE, and BRYNER, Justices.

## OPINION

EASTAUGH, Justice.

### I. INTRODUCTION

The superior court entered final judgment for Thomas Seaward against his former business partners. It also awarded him attorney's fees under Alaska Civil Rule 82(b)(2) and costs to reimburse his accountancy fees. Because we conclude that the superior court correctly treated the final judgment as a non-money judgment, we affirm the award of attorney's fees under Civil Rule 82(b)(2) and reject appellants' claim that attorney's fees should have been awarded under Civil Rule 82(b)(1). Because the accountancy fee award cannot be sustained under Alaska Civil Rule 79(b) or Alaska Administrative Rule 7(c), we vacate that award.

### II. FACTS AND PROCEEDINGS

Thomas L. Seaward was a partner in Bottom Feeder Properties (BFP), a partnership formed to buy, repair, and sell repossessed single family residences. Seaward's partners in BFP were Strong Enterprises, Inc. (SEI), Gregory E. Strong, and Double Horseshoe Investments (itself a partnership owned by SEI and Horseshoe Investments). Seaward's partners in BFP are collectively referred to as "Strong." Seaward also had a half interest in Gregory E. Strong's interest in Montana Alaska Investments (MAI), a partnership formed to buy, repair, and sell repossessed condominiums.

Disputes arose, and BFP and Strong sued Seaward; he counterclaimed and sued MAI and others.

Following a bench trial, the superior court resolved most issues in Seaward's favor. The final judgment granted Seaward accountings for his interests in the BFP and MAI partnerships, and ordered his partners to pay for his interests contemporaneously with those accountings, but did not specify the amounts he was to be paid for those interests. The judgment also stated that "[t]he money owed to [Seaward] pursuant to this judgment, including monies due after the required accounting, will bear post-judgment interest ... from the date of entry until the judgment is satisfied."

The final judgment awarded Seaward attorney's fees of $49,863, thirty percent of Seaward's claimed actual fees, under Alaska Civil Rule 82(b)(2). Upon motion the superior court also awarded Seaward costs of $5,146.11 to reimburse accountancy fees he incurred before entry of judgment.

Strong appeals the attorney's fees and costs awards.

### III. DISCUSSION

#### A. Attorney's Fees

The superior court, applying Alaska Civil Rule 82(b)(2),[1] awarded Seaward attorney's fees of thirty percent of the attorney's fees he claimed he actually incurred. Strong ar-

---

1. Alaska Civil Rule 82(b)(2) provides in part:
   In cases in which the prevailing party recovers no money judgment, the court shall award the prevailing party in a case which goes to trial 30 percent of the prevailing party's reasonable actual attorney's fees which were necessarily incurred, and shall award the prevailing party in a case resolved without trial 20 percent of its actual attorney's fees which were necessarily incurred.
   Alaska Civil Rule 82(b)(3) permits a court to vary from the fee schedule described in subsection (b)(1) or (b)(2) if the court determines that variation is warranted based on a variety of factors.

gues that the superior court instead should have applied Rule 82(b)(1),[2] and should have based Seaward's attorney's fees award on the amount of Seaward's recovery. Crucial to Strong's argument is his theory that Seaward received a money judgment.

■ We will reverse an attorney's fees award for an abuse of discretion only if the award is arbitrary, capricious, manifestly unreasonable, or the result of an improper motive.[3] Absent any fact dispute, we consider de novo the legal question whether the superior court should have applied Rule 82(b)(1), rather than Rule 82(b)(2).[4]

Rule 82(b)(1) applies only if a party recovers "a money judgment."[5] We have defined a money judgment as one that requires money to "change hands."[6] Strong argues that the judgment here, requiring Strong to pay Seaward for Seaward's share of partnership profits and interests, meets this definition and therefore that Rule 82(b)(1) applied.

■ We disagree. Several circumstances persuade us that Seaward did not recover a money judgment. The final judgment required Seaward's former partners to perform accountings and required Strong to pay Seaward for his interests in two partnerships. It did not specify the amounts payable, nor did it specify how the parties should calculate those amounts. It simply specified the general procedure by which Seaward's total recovery could be determined. Nor was it merely preliminary to entry of a more specific judgment. Rather, it was self-executing and did not require the parties to return to

court for approval of the accountings or the amounts to be paid as determined by the accountings. Assuming no further disputes, complying with the judgment would have required no further judicial intervention and no entry of a specific damages award.

We also note that Strong did not oppose entry of a final judgment. He did not argue that the judgment was not final or that the court had to comply with Alaska Civil Rule 54(b) to make it final. Had the superior court chosen to apply Rule 82(b)(1), fees could not have been calculated and awarded until after each accounting was complete. Had the court followed that course, the final judgment no longer would have been self-executing.

For these reasons, the superior court did not err by applying Rule 82(b)(2).

### B. *Accountancy Fees*

■ We will overturn an award of costs only if the superior court clearly abused its discretion,[7] such that the award of costs was manifestly unreasonable.[8]

Seaward filed a cost bill after entry of final judgment. Under the category "*Experts retained as consultants*," he sought an award of $5,146.11 to pay fees he owed Sramek–Hightower, an accounting firm he had retained. His preliminary witness list had listed Robert Sramek, a CPA, as an expert witness. The court clerk denied this cost item.

**2.** Alaska Civil Rule 82(b)(1) provides for attorney's fees to be awarded to a party recovering a money judgment. The rule provides in part,

The court shall adhere to the following schedule in fixing the award of attorney's fees to a party recovering a money judgment in a case:

| Judgment and, if Awarded, Prejudgment Interest | | Contested With Trial | Contested Without Trial | Non-Contested |
|---|---|---|---|---|
| First | $ 25,000 | 20% | 18% | 10% |
| Next | $ 75,000 | 10% | 8% | 3% |
| Next | $400,000 | 10% | 6% | 2% |
| Over | $500,000 | 10% | 2% | 1% |

**3.** *See Hughes v. Foster Wheeler Co.*, 932 P.2d 784, 793 (Alaska 1997); *Dillingham Commercial Co. v. Spears*, 641 P.2d 1, 9 (Alaska 1982).

**4.** *See D.L.M. v. M.W.*, 941 P.2d 900, 902 n. 2 (Alaska 1997); *Ford v. Municipality of Anchorage*, 813 P.2d 654, 655 (Alaska 1991).

**5.** Alaska R. Civ. P. 82(b)(1); *see also O.K. Lumber Co. v. Providence Washington Ins. Co.*, 759 P.2d 523, 528 (Alaska 1988); *Norris v. Gatts*, 738 P.2d 344, 355 (Alaska 1987).

**6.** *Atlantic Richfield Co. v. State*, 723 P.2d 1249, 1252 (Alaska 1986).

**7.** *See Municipality of Anchorage v. Frank Coluccio Constr. Co.*, 826 P.2d 316, 332 (Alaska 1992).

**8.** *See Abbott v. Kodiak Island Borough Assembly as the Assembly*, 899 P.2d 922, 925 (Alaska 1995).

Invoking Alaska Civil Rule 79(b), Seaward asked the superior court to review the clerk's denial. In support, Seaward cited the court-appointed discovery master's report, issued during pretrial discovery when Seaward sought production of the partnerships' books and records; the report recommended that Strong reimburse Seaward "for any reasonable costs and fees [he had] to incur to develop the full accounting information of the two partnerships." The superior court had adopted the discovery master's recommendations before trial. Seaward's counsel also affirmed that Sramek's services "were necessary to reconstruct accountings for some of the real estate transactions involved in this dispute."

Over Strong's opposition, the superior court awarded Seaward the $5,146.11 he claimed for Sramek's services.

Strong attacks the cost award on three grounds: (1) the superior court impermissibly departed from Alaska Administrative Rule 7(c); (2) the superior court improperly allowed Seaward to present materials that had not been before the clerk; and (3) there was no basis for the award under Alaska Civil Rule 79(b).

Seaward does not directly address Strong's Administrative Rule 7(c) argument. Rather, he argues that the catch-all provision of the former version of Civil Rule 79(b), which applied at the time of the cost award, permits him to recover the cost of Sramek's services.[9] Former Civil Rule 79(b) provided that, "a party shall be allowed any other expenses necessarily incurred in order to enable a party to secure some right accorded the party in the action or proceeding."

■ Seaward may not recover for Sramek's services under Civil Rule 79(b)'s catch-all provision for a cost category expressly addressed in Administrative Rule 7(c). In *Yurioff v. American Honda Motor Co.,*[10] we held that a party may not recover costs for expert witnesses under the Civil Rule 79(b) catch-all provision, if the requested costs exceed the limits of Administrative Rule 7(c).[11]

Administrative Rule 7(c) provides for the recovery of fees paid to expert witnesses.[12] Therefore, under *Yurioff,* Seaward may not invoke Civil Rule 79(b)'s catch-all provision in order to recover the accountancy fees as expert witness fees. This is so even though Administrative Rule 7(c) bars the recovery of expert fees here because Sramek did not testify.[13] So long as the rationale for recovering Sramek's fees is his status as an expert witness, Civil Rule 79(b)'s catch-all clause is inapplicable.

Seaward seems to imply that Administrative Rule 7(c) should not apply because Sramek was a consulting expert, rather than a testifying expert witness. Under this theory, had Sramek testified, Seaward's recovery would have been strictly limited by Administrative Rule 7(c) and Seaward could not have recovered Sramek's full fees. It would be anomalous to deny full preparation costs for expert witnesses who testify under Administrative Rule 7(c), but to award full costs under Civil Rule 79(b) for expert consultants

9. Now amended, Civil Rule 79 no longer contains a catch-all provision. However, the amendment did not become effective until January 15, 1998, one day after the court awarded costs to Seaward. *See* Supreme Court Order No. 1306 (October 30, 1997).

10. 803 P.2d 386 (Alaska 1990).

11. *See id.* at 391 (citing *CTA Architects of Alaska, Inc. v. Active Erectors and Installers, Inc.,* 781 P.2d 1364, 1368 (Alaska 1989) (Rabinowitz, J., concurring)); *see also Miller v. Sears,* 636 P.2d 1183, 1195–96 (Alaska 1981) (applying Administrative Rule 9(c), which now appears as Administrative Rule 7(c)).

12. Alaska Administrative Rule 7(c) provides in part:

Recovery of costs for a witness called to testify as an expert is limited to the time when the expert is employed and testifying and shall not exceed $50.00 per hour, except as otherwise provided in these rules.... For purposes of this rule, an independent expert is a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony.

13. *See Atlantic Richfield Co. v. State,* 723 P.2d 1249, 1253 (Alaska 1986) (holding that a prevailing party could not recover expert consultants' fees under Administrative Rule 7(c) where there was no trial, and thus, no expert testimony).

who do not testify on the theory Administrative Rule 7(c) does not apply. To do so would encourage parties to classify their experts as consultants so they could recover their full costs without the limits imposed by Administrative Rule 7(c). We decline to encourage that sort of circumvention of Administrative Rule 7(c) even though it means that some costs necessary for litigation success are potentially not recoverable. We have recognized that

> [w]henever tortious injury is inflicted, the party suffering harm faces, at a minimum, disruption and inconvenience. In the process of protecting a claim and acting upon it, an injured party usually expends time, effort and money. Some of these items are readily quantifiable, while others either defy valuation entirely or are measurable only when the party suffering damage is a large organization with a specialized division to conduct the necessary claims activities. Such costs normally should be regarded as unrecoverable expenses which arise due to the inherent friction within our system of damage recovery through civil litigation. As such, they are not properly included as items of damage.[14]

■ Seaward contends that the superior court was entitled to award the costs based on the discovery master's recommendation that Strong reimburse Seaward "for any reasonable costs and fees [he had] to incur to develop the full accounting information of the two partnerships."

We reject this argument. The discovery master's recommendation did not give the superior court discretion to award Civil Rule 79(b) costs not otherwise permitted by that rule.

■ Seaward alternatively argues that, because the discovery master found that Strong's production of documents was inadequate, the costs award was a proper discovery sanction under Alaska Civil Rule 37. Seaward appears to raise this argument for the first time on appeal.

During discovery, Seaward filed a motion to compel to obtain copies of the partnerships' books and records not produced during the initial round of discovery. Strong provided additional information, but could not provide a check register as requested because he claimed that one had not been kept. Reasoning that Alaska partnership law imposes a fiduciary duty on partnerships to keep such records, the discovery master recommended that Strong be required to pay the cost, including accountancy fees, of reconstructing the check register. In making this recommendation, the discovery master did not rely on or cite Civil Rule 37 or its subparts; did not mention the words "sanction" or "violation"; and did not recommend or discuss imposing a "sanction." The discovery master did complain that Strong failed to supplement his discovery responses until after Seaward filed a motion to compel. But the discovery master did not find that Strong had wilfully violated any outstanding discovery order or that Strong's conduct in discovery so thwarted the discovery process that the requirements of Civil Rule 37(g) were necessarily satisfied. Instead, he noted that the "precise extent of the supplemental materials and written responses that should have been provided initially, versus those that were provided after the motion to compel, cannot be determined."

The discovery master did reject as "not credible" Strong's argument that there were no check registers, and found that it was "inconceivable" that a business would operate without a check register or some other means to track income and expenses. But this finding was not made in context of a request for Civil Rule 37 sanctions. Considered in isolation, it does not allow us to hold as a matter of law that the discovery master, if asked to do so, would have found sanctionable conduct and recommended Civil Rule 37 sanctions.

Nor did Seaward raise Civil Rule 37, expressly or implicitly, when he asked the superior court to review the clerk's refusal to award accountancy fees; Seaward instead relied on the discovery master's recommendations and Alaska Civil Rule 79(b). Strong did not discuss Civil Rule 37 either. Because the issue of wilfulness was not before the

---

**14.** *Curt's Trucking Co. v. City of Anchorage*, 578 P.2d 975, 981 (Alaska 1978) (footnote omitted).

superior court, Strong had no reason to offer evidence on that issue, and did not do so. Likewise, the superior court made no findings and did not refer to Civil Rule 37 in adopting the discovery master's recommendations and awarding costs that included the accountancy fees.

We will consider a new argument on appeal only if it requires no new factual determinations.[15] Likewise, we can affirm a challenged ruling on an alternative ground, but not if doing so would turn on unresolved material fact disputes. Seaward's new Civil Rule 37 argument requires factual determinations, such as whether Strong wilfully failed to comply with discovery or violated a discovery order. We therefore decline to consider it and decline to affirm the cost award on this alternative ground.

We reverse the award of costs to the extent that it included $5,146.11 for the accountant's services.

## IV. CONCLUSION

For these reasons, we AFFIRM the award of attorney's fees, VACATE the $5,146.11 award of costs for accountant Sramek's services, and REMAND for entry of an amended judgment.

FABE, Justice, concurring in part, and dissenting in part.

I agree with the court's opinion in all respects except one: its refusal to address Seaward's argument that the cost award for Sramek's accounting services should be upheld as an appropriate discovery sanction. The court concludes that "Seaward appears to raise this argument for the first time on appeal."[1] But Seaward did argue in the superior court that the trial judge's discovery order requiring payment of accounting fees to Seaward due to discovery violations by Strong justified an award of costs against Strong for Sramek's accounting services. I therefore disagree that Seaward waived this issue on appeal and believe that the court

should address the sanctions argument on its merits.

The appointed discovery master in this case concluded that Strong deliberately withheld portions of the partnership books and business records necessary to resolve the issues in the case. Specifically, the master found that Strong's "argument that they have no check registers is not credible.... Taking [Strong's] argument as true would mean that the partners were writing checks and making deposits without recording them in the checkbook!" The master recommended that "because the books and records ... were in full custody and control of [Strong], but yet they are incomplete or missing, [Seaward] should be reimbursed for reasonable costs and fees for having to obtain and recreate the information fully from the outside sources."

The superior court fully approved and adopted the discovery master's findings and recommendations, including the recommendation that Seaward be reimbursed for the cost of recreating financial information of the partnerships due to Strong's discovery violations. Seaward hired Sramek to accomplish this accounting task; at the conclusion of the case, Seaward argued that the superior court's order adopting the master's recommendations justified the award covering Sramek's expert accounting costs:

> Furthermore, the discovery master recommended that the court require the plaintiffs to reimburse Mr. Seaward "for any reasonable costs and fees they ha[d] to incur to develop the full accounting information of the two partnerships." The court subsequently adopted the Master's recommendations. The court should, therefore, award Mr. Seaward the cost of retaining Mr. Sramek under the catchall provision of Civil Rule 79(b) and the Discovery Master's recommendation as adopted by the court. Mr. Sramek's fees totaled $5,146.11.

---

**15.** See Sea Lion Corp. v. Air Logistics of Alaska, Inc., 787 P.2d 109, 116 (Alaska 1990) (citing Demoski v. New, 737 P.2d 780, 786 (Alaska 1987); Ransom v. Haner, 362 P.2d 282, 285 (Alaska 1961)).

**1.** Op. at 460.

In support of his request for costs, Seaward submitted to the trial court his attorney's affidavit that Sramek's services "were necessary to reconstruct accountings for some of the real estate transactions," as well as an affidavit by Sramek describing the necessity of his efforts in light of the missing documents and gaps in discovery.

The court essentially holds that because Seaward did not refer specifically to Civil Rule 37 in his superior court request for an award of costs, he has waived the argument that Strong's discovery violations and the court's resulting discovery order justify affirmance of the cost award. But while the superior court's order and the master's underlying recommendations do not rely on Rule 37, they are based both on the failure to produce complete records that were in Strong's exclusive control and on the master's factual finding that Strong's justification for failing to produce the records was "not credible." In turn, Seaward relied on these factors when requesting review of the cost award. Strong neither challenged the master's findings and recommendations nor appealed the superior court's discovery order adopting them.

The court claims that an evaluation of Seaward's Rule 37 argument would require a factual determination of whether Seaward willfully failed to comply with discovery or violated a discovery order.[2] But this conclusion overlooks the discovery master's determination that Strong knew about Seaward's need for certain information yet still failed to respond to discovery requests. The master found

> that the crucial financial records of the partnerships sought in the motion to compel are not available when they should be. Because of their absence, a[n] accurate determination of each partner's interest ... cannot be accomplished without extra costs.... The undersigned further found that most, if not all, of the supplemental responses to defendant's discovery requests were provided after the motion to compel was filed.... Due to numerous correspondence between counsel and phone calls, *it is inconceivable that plain-*

> *tiffs had no knowledge of defendant's needs for supplemental responses prior to the motion to compel, especially when ... they were required by the applicable discovery rule to supplement the responses.*

(Emphasis added.) Because this language in the master's order intimates that Strong violated the "applicable discovery rule" by knowingly failing to produce needed responses in a timely fashion, we need not make additional factual determinations to grant Seaward relief under Rule 37.

Moreover, the court's conclusion is based solely on the language of Rule 37(b), which addresses a party's failure to comply with discovery orders. Although Strong might not have expressly violated an outstanding discovery order, Rule 37(c) allows the court to impose appropriate sanctions on a party "that without substantial justification fails to disclose [required] information." And Rule 37(g) allows the court, when faced with a party who engages in "unreasonable, groundless, abusive, or obstructionist conduct during the course of discovery ... [to] require such party ... to pay to any other party the reasonable expenses ... caused by the conduct."

I would therefore affirm the award of costs as being within the superior court's power under Rule 37.